### V. TEAGUE *v.* HIRAM JAMES.

Actions pending at the time of the ratification of the Code, are to be proceeded
with and tried under such laws and rules then existing as may be be appli-
cable : *therefore,* in such actions a " counter-claim " is not admissible.

DEBT, tried before *Mitchell, J.,* at Fall Term 1868 of the
Superior Court of ALEXANDER.

The action had been commenced by warrant before a Jus-
tice of the Peace issued September 5th 1867, upon a bond
dated March 8th 1867, and from a judgment against him the
defendant appealed to the Superior Court. The defendant
pleaded General Issue, No consideration, and Failure of consid-
eration; and offered to prove that the bond was given for a
horse sold to defendant by the plaintiff,—which, some while
before, the plaintiff had conveyed to a trustee for the payment
of certain debts, and that after the horse had remained with
the defendant for several months, the trustee took him and
sold him under the trust.

His Honor being of opinion that such proof would not.
affect the plaintiff's rights to recover, there was a verdict and
judgment; from which the defendant appealed.

*W. P. Caldwell*, for the appellant.

*Furches*, contra, cited *McEntyre* v. *McEntyre*, 12 Ir, 299; *Washburn* v. *Picot*, 3 Dev. 390; and also, Const. of North Carolina, Judiciary, Sec. 25; Code of Civil Procedure, §§ 296. and 402.

PEARSON. C. J. It was properly conceded on the argument, that if this case is to be governed by the old rules of "practice and procedure" there is no error in the ruling of his Honor in the Court below.

But it was insisted that the new rules of "practice and procedure," are applicable to the case. And if so, the defendant should be allowed to prove his counter-claim as a defence to the action. We are of opinion that the new rules are not applicable, and that his Honor was right in proceeding according to the old rules.

The action was commenced prior to the ratification of the "Code of Civil Procedure" and it is founded on a contract not embraced by the Stay Ordinance, and if the question was left to depend upon the construction of sub-division 4, § 8, there might have been some doubt, as that sub-division is obscurely worded, and the meaning of the words " as near as may be" is by no means clear. But all difficulty is removed by §§ 400 and 402. Sec. 400 provides that all suits pending in any of the Courts at the ratification of this Act, shall be entered on a separate docket by the Clerks of the Superior Courts. Sec. 402 provides that "said suits shall be proceeded in and tried under the existing laws and rules applicable thereto" up to final judgment. This covers the case, and leaves no room for doubt or for construction.

So the defendant must be content with the remedy by a new action to set up his counter-claim, in which by proper averments, he may entitle himself to the provisional remedy of injunction.

There is no error.

PER CURIAM.                    Judgment affirmed.