### W. M. WALTON v. W. F. McKESSON and others.

An account due by the plaintiff to one of several defendants, is not competent as a set-off against the debt which is the subject matter of the action.

Actions pending at the adoption of the C. C. P. are to be tried under the laws previously existing.

(*State Bank* v. *Armstrong*, 4 Dev. 523; *Jones* v. *Gilreath*, 6 Ire. 338; *Hurdle* v. *Hanner*, 5 Jon. 360; *Teague* v. *James*, 63 N. C. 91; *Gaither* v. *Gibson*, Id. 93, cited and approved.)

DEBT, tried before *Mitchell, J.*, at Fall Term 1869 of BURKE Court.

The plaintiff declared upon a single bill executed to him by the defendants, W. F. McKesson, Charles McDowell, the intestate of the defendant N. W. Woodfin, and James McKesson, the intestate of the defendant W. F. McKesson as adm'r. The pleas were Payment and Set-off. On the trial the defendant McKesson, offered in evidence a book account alleged to be due to him by the plaintiff together with one Thomas S. Walton, as partners. This evidence was objected to by the plaintiff, and excluded by the court. The defendant excepted. Verdict for the plaintiff. Rule, &c.; Judgment, and Appeal by the defendants.

*Folk* for the appellants.
*Furches, contra.*

RODMAN, J. This suit began by writ issued March 14th 1866; and although the pleas appear not to have been put in until Fall Term 1869, it was a suit pending at the ratification of the Code of Civil Procedure, and therefore to be tried by existing laws: *Teague* v. *James*, 63 N. C. 91; *Gaither* v. *Gibson*, Id. 93.

We think the cases of *State Bank* v. *Armstrong*, 4 Dev. 523, and *Jones* v. *Gilreath*, 6 Ire. 338, are decisive against the defendant. This case may be enlightened from *Hurdle*

v. *Hanner*, 5 Jon. 360, which was cited for the defendant, in this: in that case there was but one defendant, here there are several. What relief the defendant may find in the Code, it is not for us to say.

Judgment below affirmed. Let this be certified.

PER CURIAM.                    Judgment affirmed.