FREDERIC H. PENDLETON *v.* JOHN H. DALTON.

According to the former practice in equity, a plaintiff could not move for ` an injunction (even where prayed for in the bill) after answer filed, except in term time, and upon the equity confessed in the answer.

This was so even where the answer was excepted to, as being insufficient. In such case the plaintiff could bring on for hearing, his motion for an injunction, and his exceptions, at the same time.

*Quœre*, Whether under the former system, a Judge had the power to grant in vacation an interlocutory injunction.

(*Moore* v. *Reid*, 1 Ire. Eq., 418; *Edney* v. *Motz*, 5 id. 233; *Teague* v. *James*, 63 N. C. 91, cited and approved.)

MOTION to vacate an injunction, made before *Cloud, J.*, December 18 1869 at Chambers, YADKIN Court.

The case was, that on the 15th of November 1869, the plaintiff presented before Cloud, J., a sworn petition, of which the material statements were as follows, to wit: On October 18th 1862, the defendant Dalton, being executor of one Houston, and authorized as such to sell his lands, contracted to convey the plaintiff a certain tract, and in December 1862

put him in possession thereof; and the plaintiff paid a large part of the purchase money. The defendant refusing to convey, at Spring Term 1868 of the Court of Equity for Iredell County, the plaintiff filed his bill for a specific performance of the contract, and for injunction against the action of ejectment herereafter mentioned. At the Special Term (July) 1869, the defendant filed an answer to which the plaintiff excepted as insufficient, and the suit was then removed to the Superior Court of Yadkin where it is still pending. Before the filing of the plaintiff's bill, the heirs of Houston, and Dalton (his wife being one of the heirs) instituted an action of ejectment against the plaintiff, and at the Special Term in July 1869, recovered a judgment, and have sued out a writ of possession: and the plaintiff, in his said petition, then prays for an injunction, and that the defendants be summoned to appear at a day and place to be named by the Judge, to show cause, &c.

The Judge issued the injunction, and a summons requiring the defendant to appear before him at the next Term of the Superior Court for Davie. The defendants appeared on the 15th of December 1869, and put in an answer on oath, and moved the Judge to dissolve the injunction, which he declined to do, and the defendants appealed

*W. P. Caldwell and Clement,* for the appellant.
*Boyden & Bailey, and Furches, contra.*

RODMAN, J., (after stating the case as above.) The question presented is, was the injunction properly granted. It is admitted, that if the proceeding is to be considered as under the Code of Civil Procedure, it is irregular, and cannot be sustained. But the counsel for the plaintiff contend that it is not a new action, but a motion or petition in the Bill for specific performance, which was pending at the ratification of the Code, and hence must be governed by the former rules of equity practice, without reference to the Code. As a gen-

eral proposition we admit this: *Teague* v. *James*, 63 N. C. 91. Then, can the proceeding be sustained under the practice referred to ?

The injunction prayed for by the plaintiff's bill would be, according to the distinction taken in the English practice, a special injunction; it could be applied for in the first instance— that is before answer, and sometimes even before bill filed, and in vacation. But the Court would grant it only in cases of pressing necessity; otherwise, and especially when the petitioner had himself been guilty of laches, they would leave him to his ordinary remedy, by an application after the time for an appearance on the subpœna had expired, when, in case of default, he could obtain the injunction as a matter of course, or might move for it on the equity confessed in the answer: 3 Daniel Ch. Pr. 1889, 1811; *More* v. *Lewis*, Jac. 502. The authority of the judges of the Courts of Equity in this State (as distinct from the Courts) to grant injunctions, rested prior to the Code of Civil Procedure, on Rule 8, ch. 32, sec. 3 Rev. Code. But under that Rule, no Judge could dissolve or modify an injunction, except in term time. By force of this statute a Judge could grant a preliminary injunction on hearing the bill; but if no injunction were moved for (although prayed in the bill) before answer filed, then it was necessarily moved in term time, and could only be on the equity confessed in the answer. If therefore in this case, the plaintiff at the Special Term 1869, when the answer was filed, had moved for injunction, it could only have been on the equity confessed. To meet this proposition, however, the counsel for the plaintiff says that the answer was excepted to, and must therefore be regarded as never having been put in. That is a mistake; the rule is, that after exceptions, the defendant cannot move upon his answer, to dissolve an injunction previously obtained; neither can the plaintiff move for an injunction, or for judgment *pro confesso*, as if there were no answer: consequently, in order to avoid delay and prejudice to him, the plaintiff is at liberty to bring on for hear-

ing, his motion for an injunction, and the exceptions to the answer, at the same time: *Edney* v. *Motz*, 5 Ire. Eq. 233. It was the duty of the plaintiff to have taken that course at the Special Term in 1869. Having failed to do so, he was in default, and according to the English practice, could not afterwards have been allowed a special injunction without notice to the adverse party. Indeed it seems that in England, all interlocutory injunctions must be, on notice: 3 Dan. Ch. Pr. 1781. But, independent of the above, it cannot be proved that the Judges of the Courts of Equity in this State, ever had jurisdiction to grant interlocutory injunctions in vacation. Possibly Rule 8 above cited, might have been construed to support such a power; but no instance is reported when it has been so held, and no *dictum* even can be cited in support of such a construction, while it is expressly rejected, as unknown, in *Moore* v. *Reid*, 1 Ire. Eq. 418. Under the circumstances we are not inclined to depart from what seems to have been the received law heretofore. The plaintiff has his remedy, by motion in the Superior Court of Yadkin. The injunction is dissolved, and the petition dismissed. Let this opinion be certified.

PER CURIAM.                                                          Reversed.