WILLIAM B. PENDLETON and others v. JOHN H. DALTON.

*Pleading-- Evidence--Devisee--Heir-at-Law.*

1. It is sufficient if a good cause of action is stated in a complaint in such a manner as not to mislead the defendant; *e. g.* the right to have land conveyed under a contract of purchase to the plaintiff as devisee and heir-at-law.

2 In such case if the plaintiff claim as devisee, and not as heir-at-law, proof of heirship should not be allowed.

3. But where the plaintiff claims as devisee and heir-at-law, and fails to prove that he is devisee ; *Held,* to be error to exclude evidence of heirship.

CIVIL ACTION, for Specific Performance of a Contract. tried at Spring Term, 1877, of ROWAN Superior Court, before *Kerr, J.*

The plaintiffs offered in evidence a paper writing purporting to be the last will and testament of William J. Pendleton, deceased. This evidence was objected to by the defendant, and excluded by the Court upon the ground that it had not been proved in the Probate Court pursuant to the law of this State, as a devise of real estate. (The deceased lived in Louisa County, Virginia, and the will was duly proved according to the law of that State.) To this ruling the plaintiffs excepted.

Thereupon F. H. Pendleton, one of the plaintiffs, was introduced as a witness, and after testifying that William J. Pendleton was dead, was asked if the plaintiffs were the only heirs at law of said deceased. This was objected to by the defendant, because of its irrelevancy, for that, the plaintiffs' cause of action as stated in the complaint, was alleged to be derived by them as devisees under said will, and not as heirs at law ; and was excluded by the Court. And upon intimation of His Honor that the plaintiffs could not recover, they submitted to a nonsuit and appealed.

*Messrrs. W. H. Bailey* and *J. M. McCorkle,* for plaintiffs. *Messrs. J. M. Clement,* and *Scott & Caldwell,* for defendant.

READE, J.   The plaintiffs allege that their ancestor, W. J. Pendleton, had this cause of action against the defendants for specific performance of a contract for the conveyance of the land in controversy, and that the plaintiffs are the devisees and'heirs at law of said W. J. Pendleton, and have the same right which he had in his life time.

Upon the trial the plaintiffs failed to prove that they were the devisees of W. J. Pendleton, and then they offered to prove that they were his heirs at law. And the evidence was excluded, "for that plaintiffs' cause of action as stated in their complaint was alleged to be derived by them as devisees of the last will and testament of W. J. Pendleton, deceased, and not as heirs at law."

If the plaintiffs stated a good cause of action—the right to have the land conveyed to them—it may be that the particular manner of acquiring the right, as whether as devisees or heirs at law, would be immaterial, unless stated in such way as to mislead the defendants and take them by surprise on the trial.

If the complaint had stated as is alleged, that plaintiffs claimed as devisees and not as heirs at law, it might have been a surprise to the defendants which ought not to have been allowed, to admit proof of heirship.

But there is sufficient in both complaint and answer to allow the plaintiffs to claim as heirs, and to show that there was no surprise upon the defendants.

The complaint states that the plaintiffs are "the only heirs at law and devisees of the said W. J. Pendleton, deceased." And the answer says, "that the plaintiffs should not be allowed to re-open the controversy (alluding to the controversy in W. J. Pendleton's life time) by substituting their names

as the heirs at law and legatees and devisees of said W. J. Pendleton."

And again the answer says, "that this action is improperly brought by the plaintiffs as the heirs at law and legatees and devisees of W. J. Pendleton." And again the answer says, "whether the legatees, devisees and heirs at law    *    *    are true as alleged this defendant is ignorant, * * * and demands that all of these allegations be required to be strictly proved."

Notwithstanding all this, the defendant objects, that the plaintiffs ought not to be permitted to prove their heirship and to recover upon their title as heirs at law, because they had alleged but could not prove that they were devisees. And His Honor sustained the objection.

In this there was error. This will be certified.

PER CURIAM.                              *Venire de novo.*