W. P. MATTHEWS v. W. S. COPELAND and WM. BARROW,

*Practice—Judgment on Overruling Demurrer.*

1. Where the plaintiff sues, in a form of action peculiar to a court of law under the old system, on a contract made prior to the ratification of C. C. P., judgment against the defendant upon overruling a demurrer is final.

2. The act (Bat. Rev. ch. 17, § 131,) which provides that after the decision of a demurrer interposed in good faith, the judge *shall* allow the party to plead over, has no application to actions on contracts entered into prior to the ratification of the C. C. P.

(*Teague* v. *James,* 63 N. C., 91; *Gaither* v. *Gibson, Ibid.* 93 ; *Vallentine* v. *Holloman, Ibid.* 475; *Merwin* v. *Ballard,* 65 N. C., 168, cited and approved.)

PETITION TO REHEAR filed by the defendants and heard at January Term, 1879, of THE SUPREME COURT.

See same case, 79 N. C., 493.

*Messrs. R. B. Peebles* and *Reade, Busbee & Busbee,* for plaintiff.
*Messrs. W. C. Bowen* and *Mullen & Moore,* for defendants.

SMITH, C. J. The record upon which this cause was heard at the last term is somewhat conflicting as to the action of the court at the time of trial when the appeal was taken. The transcript' first sent up contains an entry of the judgment in these words: "The plaintiff has leave to amend by inserting the name of the state as an additional party plaintiff without costs. Upon such amendment being made the demurrer is overruled and judgment given for the plaintiff, or the defendant has leave to answer, as of spring term, 1878, on or before the first day of fall term."

An omitted part of the record which contains a formal judgment, is subsequently certified and sent up to be annexed to the transcript, made at the same term, as follows: "This cause coming on to be heard upon complaint and demurrer and the court being of opinion with the plaintiff, it is considered that the demurrer be overruled, and it is further considered, on motion of R. B. Peebles, counsel for the plaintiff, that the plaintiff recover of the defendants, W. S. Copeland and William Barrow, the sum of twenty thousand dollars, to be discharged upon the payment of the sum of three hundred and seventy-nine and four one hundredths dollars, with interest thereon at the rate of twelve per cent per annum from July 1st, 1855, till paid, and the costs of this action to be taxed by the clerk. Let the plaintiff have execution." Both these judgments were signed by the presiding judge and rendered at the same term. This discrepancy does not, however, affect the appeal, nor our review of the decision of the court on which it was taken.

At the last term, this court overruled the demurrer and final judgment was entered.

The petition to rehear assigns two errors only which we deem it proper to notice :

1. The judgment is in excess of the plaintiff's demand, and the recovery below, by the sum of twenty-three and seventy-five one-hundredths dollars.

2. The judgment should not have been final, but the cause ought to have been remanded in order that the defendants, if so advised, might put in their answer to the complaint.

The first objection is well founded and the plaintiff consents that the judgment may be corrected. The only remaining question is as to the judgment which ought to have been entered up on overruling the demurrer. Under the rules of pleading and practice, the judgment upon overruling a demurrer was final and conclusive in a court of law, while in a court of equity the defendant was allowed to answer over. The new system, in cases to which it is applicable, adopts the rule which prevails in a court of equity.

The present action is on the official bonds of a former clerk and master in equity executed, one of them in the year 1850, and the other, four years later, upon his re-appointment, against the defendants who are his sureties to both, to recover for an official default of their principal, and it is therefore a substitute for the old action of law and must be governed by the same general rules. The enactments contained in C. C. P. are declared applicable to "all civil actions commenced prior to the ratification of this act, or which shall be hereafter commenced, *founded on a contract made prior* to the ratification of this act, and not embraced in the ordinance above mentioned. But such actions shall be governed in respect to the practice and procedure therein, up to and including the judgment, by *the laws existing prior to the ratification of this act,* as near as may be, except as to

form, and the practice in such actions subsequent to judg-- ment shall be governed by the enactment of this act."

In the construction of this section applied to actions- pending at the time of the adoption of the Code, it has been. held that a counter-claim was inadmissible. *Teague* v. *James,*. 63 N. C., 91; *Gaither* v. *Gibson, Ibid.*, 93; nor could a defen- dant avail himself of an equitable set-off at the trial. *Val- entine* v. *Holloman, Ibid.*, 475.

But the very point now before us was declared in *Merwin* v. *Ballard,* 65 N. C., 168. In that case the action was brought in the year 1870 for goods sold and delivered in the year 1860. The defendant demurred for want of parties, for that one Joyner was jointly liable with him. In delivering the opinion the court say : " We have thought proper to dis- cuss the questions presented in the elaborate argument of counsel, but they do not govern the case before us, as the action is founded upon a *contract made prior to the ratification, of the C. C. P. Such cases* are governed by the law existing before that date." C. O. P., § 8 (3, 4.) The opinion thus. concludes : "The demurrer must be overruled, and as this case is governed by the old mode of pleading, *the plaintiff is. entitled to final judgment in this court."*

This is a direct adjudication of the question and decisive- of the case unless a different result is produced by the act of February 9th, 1872, which substitutes the word "shall" in place of the words "may in his discretion," in § 131 of. C. C. P. But we think no such operation can be allowed this amendatory statute. Its purpose and its affect are simply to modify a rule of pleading under the code in cases. to which such pleading applies, but not to embrace those contracts specified in § 8 which previous to judgment are not controlled by its provisions. Since, as before, such con- tracts must be governed in the unchanged words of the section, "in respect to the practice and procedure therein,. up to and including the judgment, *by the laws existing* prior

to the ratification of this act, as near as may be except as to form."

We must, therefore, declare that there is no error in the judgment we are called on to review in this respect, and it must be, with the modification suggested, affirmed.

No error.                                                    Affirmed.