Richard E. **BARBOUR**, Plaintiff,

v.

The **GREAT ATLANTIC AND PACIFIC TEA COMPANY**, a Corporation, and **Pepsi-Cola Bottling Company of Vincennes, Indiana, Inc.**, a Corporation, Defendants.

Civ. A. No. 3470.

United States District Court
E. D. Illinois.

Aug. 7, 1956.

Eugene H. White, Mt. Carmel, Ill., and Listeman & Bandy, East St. Louis, Ill., for plaintiff.

Oehmke, Dunham & Boman, East St. Louis, Ill., for defendant A & P.

Baker, Kagy & Wagner, East St. Louis, Ill., for defendant Pepsi-Cola Bottling Co.

JUERGENS, District Judge.

Plaintiff, Richard E. Barbour, husband of Marjorie L. Barbour, filed suit against the two above named defendants, charging the Bottling Company with carelessly and negligently (1) filling and capping "said bottle, or one or more of them" so as to cause the same to explode when * * * the same was being handled; (2) filling "weak and insecure bottles"; (3) placing "said bottles in weak and unsafe" cardboard containers whereby they "would be caused to strike against one another and an explosion of one or more of said bottles would result"; (4) placing "defectively capped or leaky" bottles in cardboard containers.

The plaintiff, in its charge against the defendant, A & P, did not repeat the charges as set forth in Paragraphs 1, 2, 3, and 4 of its charge against the bottling company but in its charge against the A & P stated that the A & P (5) "Placed such containers and bottles described in (1), (2) and (3) above, on its shelves for resale * * * well knowing the facts alleged in said paragraphs * * *"; (6) placed upon its shelves and offered for sale bottles of Pepsi-Cola that were "improperly filled, capped, placed into defective and insecure containers".

The plaintiff further charges that as a direct and proximate result of the explosion of a bottle of Pepsi-Cola that a particle of such glass struck plaintiff's wife in her right eye, cutting her eyeball and destroying the sight of said eye. He asks $25,000 damages because, as a result thereof, "she became and is now disabled and incapacitated from performing a substantial part of her marital duties, including the care of her family and household, and plaintiff was and has ever since been deprived of her services as his wife, and has suffered and sustained a loss of her consortium".

On March 29, 1955, said Marjorie L. Barbour filed her suit in this Court against the defendants, being Civil Action No. 3155, charging both defendants with the same negligence as is alleged herein. Issue was joined on said complaint, and her case was tried to a jury and a general verdict of guilty was returned as to both defendants wherein her damages were fixed at $30,000. Judgment was rendered on said verdict and according to the defendants' motion to dismiss plaintiff's suit in action, the said judgment was satisfied.

The defendants have filed their joint motion to dismiss complaint and action alleging, among other things not necessary for this opinion, that the complaint is based upon an injury to and loss of the right eye of Marjorie L. Barbour, wife of plaintiff in suit; that she has maintained her suit and has recovered $30,000 against these defendants; that plaintiff in suit's action is based upon his wife's disability and incapacity from performing a substantial part of her marital duties, including the care of her family and household, his deprivation of her services as his wife, and his loss of her consortium; that said $30,000 constituted a full and complete satisfaction for said injury to her; and that plaintiff in suit did not and could not have suffered any additional loss sufficient to state a claim in him against defendants upon which the relief prayed in this action can be granted.

The Court having considered the defendants' motion to dismiss complaint and action, having read the briefs and authorities submitted and being fully advised in the premises, finds that, for the injuries received by a married woman, two causes of action may lie: one by the wife for the damages resulting to herself, and if, by reason of such injuries the husband has been deprived of her services as his wife, and has suffered and sustained a loss of her consortium, or has been put to expense which was not recovered in the suit by the wife, he may bring an action in his own name. Chicago & Milwaukee Electric Ry. Co. v.

Krempel, 116 Ill.App. 253; Blair v. Bloomington & Normal Railway, Electric & Heating Company, 130 Ill.App. 400; Stephens v. Weigel, 336 Ill.App. 36, 82 N.E.2d 697.

The Court further finds that both defendants are now estopped from contesting their negligence, and due care on the part of said Marjorie L. Barbour, as alleged in the suit by said Marjorie L. Barbour as above set forth, for the reason that the said Marjorie L. Barbour recovered a judgment for $30,000 against the two named defendants and has been fully compensated by the judgment of this court "and the satisfaction thereof".

It is therefore the order of this Court that the defendants' motion to dismiss complaint and action be and the same is hereby overruled.

It is the further order of this Court that both defendants be and they are hereby estopped from contesting their negligence and due care on the part of said Marjorie L. Barbour for the reasons above set forth.