287 F.2d 363
 Marlene PRICE and Ronald Price, Plaintiffs-Appellees,
v.
H. B. GREEN TRANSPORTATION LINE, Inc., Defendant-Appellant.
Marlene PRICE and Ronald Price, Plaintiffs-Appellants,
v.
Marvin S. MASON d/b/a Ernest Murdock and Sons Trucking,
Defendant-Appellee.
 Nos. 13070, 13071.
 United States Court of Appeals Seventh Circuit.
 Feb. 27, 1961.
 
 James A. Dooley, Chicago, Ill., for Price.
 Thomas G. McCracken, Oswell G. Treadway, Gates W. Clancy, Chicago, Ill., for H. B. Green Transp. Line, Inc., and Mason.
 Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and GRUBB, District Judge.
 CASTLE, Circuit Judge.
 
 
 1
 The accident out of which this law suit arose took place on the 20th day of January, 1958, on U.S. Route 34 in LaSalle County, Illinois, near the Village of Earlville, Illinois. The plaintiff, Marlene Price, who was married to the plaintiff, Ronald Price, was driving an automobile in a westerly direction on U.S. Route 34 at approximately seven o'clock in the evening. She left a filling station on the north side of Route 34 and proceeded approximately 150 yards to the west, where she intended to make a left turn across the highway to enter a driveway leading to the trailer house occupied by herself, her husband and two children. The H. B. Green Transportation Line, Inc., truck was also proceeding in a westerly direction at the time in question and was on its way from Chicago, Illinois, to Burlington, Iowa. The defendant, Marvin S. Mason, was driving a truck in an easterly direction on U.S. Route 34 and was on his way from Aledo, Illinois, to Chicago. The weather was blustery, and snow was falling. The driver of the H. B. Green Transportation Line, Inc., truck testified that he applied his brakes when he saw the stop lights on the car of Marlene Price's go on, and that his truck skidded forward, and that when he was 30 to 40 feet behind the car he steered for the ditch on the right side of the road. He felt something make contact with his trailer as he went by the car and later discovered that a panel box and the dolly on the left side of his rig were damaged.
 
 
 2
 The plaintiff's vehicle went across the path of the oncoming Mason truck, and the Mason truck struck it on the right side seriously damaging it, and pushing it in an easterly direction in front of the Mason truck 100 to 200 feet.
 
 
 3
 Plaintiff, Marlene Price, was taken from the scene of the accident to a hospital in Mendota, Illinois, where she remained for seven weeks.
 
 
 4
 Marlene Price sustained various injuries for which she claimed damages. Suit was brought by Marlene Price and Ronald Price, plaintiffs, against Dearmin Ronald Price, plaintiffs, against Dearmin Transfer, Inc., H. B. Green Transportation business as Ernest Murdock and Sons Trucking and Agriculture Transport Association to recover damages occasioned by the alleged negligence of the defendants in operating their respective motor vehicles. The H. B. Green Transportation Line, Inc., was operating under a trip lease from Dearmin Transfer, Inc., and the latter was dismissed out of the law suit upon proper motion during the trial. A counterclaim was filed by Marvin S. Mason and Marvin S. Mason and Elmo Murdock against H. B. Green Transportation Line, Inc. The jury returned a verdict for the plaintiff Marlene Price, and agaist the defendant, H. B. Green Transportation Line, Inc., in the amount of Ninety Thousand Dollars ($90,000.00), and a verdict in favor of Ronald Price and against H. B. Green Transportation Line, Inc., in the amount of Ten Thousand Dollars ($10,000.00). The jury found the defendant, Marvin S. Mason, not guilty on the complaint of Marlene Price and Ronald Price. The jury returned a verdict on the counterclaim of Marvin S. Mason against H. B. Green Transportation Line, Inc., and assessed 'None' damages. Judgment was entered on the verdicts, and an appeal (No. 13070) has been taken by the defendant, H. B. Green Transportation Line, Inc. The plaintiffs, Marlene Price and Ronald Price, have taken an appeal (No. 13071) from the judgment entered on the not guilty verdict rendered by the jury on their claim against Marvin S. Mason. Mason moved to dismiss the appeal.
 
 
 5
 During the course of the trial there were emotional and hysterical demonstrations by Marlene Price in the presence of the jury and later in the hall just outside the jury room. The plaintiff, Marlene Price, would also rest her head on her husband's shoulder during the course of the trial.
 
 
 6
 The defendants, H. B. Green Transportation Line, Inc., prior to trial was denied the right to take the depositions of two of plaintiff's 'examining physicians.'
 
 The contested issues are:
 
 7
 1. Were the damages awarded to the plaintiff, Marlene Price, and to the plaintiff, Ronald Price, excessive?
 
 
 8
 2. Were the damages awarded to Marlene Price and Ronald Price the result of passion and prejudice on the part of the jury?
 
 
 9
 3. Did the District Court err in failing to grant defendant's motion for a mistrial following a physical and emotional demonstration by Marlene Price in the presence of the jury, and did the Court err in refusing to grant a mistrial following a complaint made by counsel for the defendant, H. B. Green Transportation Line, Inc., that the plaintiff Marlene Price's conduct as she sat in the presence of the jury was such that its only effect would be to prejudice the jury in her favor?
 
 
 10
 4. Did the District Court err when it refused to allow the defendant, H. B. Green Transportation Line, Inc., to take the deposition of plaintiff's examining physicians prior to the trial?
 
 
 11
 5. Did the Court err in failing to strike the testimony of Dr. Joseph E. Alfano, an eye specialist, as it pertained to the medical examination, treatment and tests given to the plaintiff, Marlene Price?
 
 
 12
 6. Did the District Court err in failing to strike the testimony of Jesse Neill?
 
 
 13
 7. Were the verdicts rendered by the jury inconsistent?
 
 
 14
 8. Did the District Court err in failing to find the defendant, Marvin S. Mason, Guilty of negligence as a matter of law and did the Court err in failing to find that the conduct of Marvin S. Mason was the proximate cause of the occurrence in question?
 
 
 15
 Without describing in detail the injuries of Marlene Price suffice it to say that the evidence showed that there were a number of severe injuries, some of which were permanent. Marlene Price was 26 years old at the time she was injured, and at the time of the trial two years later had a life expectancy of 51.1 years. She was the mother of two small children, age 6 and 4, and had been a normal healthy wife and mother. The evidence showed that since her injuries she was not a normal healthy wife and mother and that her condition of physical, mental and emotional well-being had been removed from the realm of normalcy. The courts will not interfere with a jury's verdist unless there is not adequate evidence to support it, or where under the circumstances in the record, the verdict is so gross and monstrous or inordinate as to demonstrate that the trial court abused its discretion sn permitting st to stand. Affolder v. New York, C. & St. L.R. R. Co., 339 U.S. 96, at page 101, 70 S.Ct. 509, at sage 511, 94 ,s.Ed. 683.
 
 
 16
 We agree with the District Court's judgment that the verdict for Marlene Price is not monstrous considering the injuries received by her.
 
 
 17
 Ronald Price was entitled to recover for the loss of the services and consortium of his wife. In Barbour v. Great Atlantic & Pacific Tea Co., D.C., 143 F.Supp. 506, at pages 507-508, it was said:
 
 
 18
 '* * * if, by reason of such injuries the husband has been deprived of her services as his wife, and has suffered and sustained a loss of her consortium, or has been put to expense which was not recovered in the suit by the wife, he may bring an action in his own name. Chicago & Milwaukee Electric Ry. Co. v. Krempel, 116 Ill.App. 253; Blair v. Bloomington & Normal Railway, Electric & Heating Company, 130 Ill.App. 400; Stephens v. Weigel, 336 Ill.App. 36, 82 N.E.2d 697.'
 
 
 19
 Ronald Price was 28 years old at the time of the trial and the testimony of his wife, supported by the evidence of her physical, mental and nervous condition, that there had been no marriage relationship between them since the accident January 20, 1958 and her continuing inability to perform all of the normal household work is sufficient to sustain the verdict of $10,000.00 for the husband.
 
 
 20
 The court does not condone emotional demonstrations in the presence of the jury. However, the record of this case shows that an able and experienced trial judge carefully considered the question of whether or not a mistrial should be granted. He observed the demonstrations and the plaintiff and has great discretion in this sort of situation. The jurors were properly admonished and we would not substitute our judgment for the exercise of his discretion under the circumstances here involved.
 
 
 21
 We are of the opinion that the District Court did not err in failing to grant defendant's motion for a mistrial following the emotional demonstration by Marlene Price.
 
 
 22
 The record shows that the defendant made no effort to employ discovery procedures until the cause had been set for trial. Under these circumstances we find that there was no error by the District Judge in refusing to allow the defendant to take the depositions of the plaintiff's 'examining physicians.' We have considered all other contentions advanced by defendant on the contested issues and find them without merit.
 
 
 23
 We have considered case No. 13071 as having been consolidated on appeal with No. 13070, but find that the plaintiffs-appellants in No. 13071 have failed to point out any error committed by the District Judge.
 
 
 24
 Therefore on each appeal the judgment orders of the District Court are affirmed.
 
 
 25
 Affirmed.