HOUSTON & T. C. RY. CO. v. ROBERTS et al. (Nos. 7024, 7469.)

(Court of Civil Appeals of Texas. Galveston. Oct. 17, 1918. Appellant's Second Motion for Rehearing Denied Nov. 14, 1918.)

DAMAGES ⬡186—LOSS OF SERVICES OF CHILD —BURDEN OF PROOF.

In parent's action for loss of services during minority of their ten year old boy injured by defendant's train, it was not incumbent on parents to prove boy would have worked and earned money for them, but only that he had capacity and ability.

On motion for rehearing. Motion granted, and judgment below affirmed in full.

For former opinion, see 201 S. W. 674.

GRAVES, J. Believing that the part of our former judgment reversing and remanding this cause for another trial as to the parents, appellees Mary and Isaac Roberts, upon the one issue of what amount of money, if any, their minor son would have contributed, or would have been worth to them during his minority (201 S. W. 674), was error, despite the fact that applications for rehearing on their behalf, as well as on that of the railway company, were some months since overruled and writ of error from the Supreme Court applied for by appellant, this court now grants the motion of these appellees for a rehearing upon that issue, and affirms the trial court's judgment in full; it is felt that no question ought ever to be considered settled in this court until it is settled right, at least so long as the court's power over its judgments subsists.

Accordingly, prior to adjournment of the term at which the first disposition of the cause was made, an order was entered va-

cating the preceding order overruling appellees' motion for rehearing, and notice thereof given appellant, in order that opportunity be afforded it for further answering the view that the proof in the record was sufficient to support the judgment in favor of Mary and Isaac Roberts also; no such answer has been presented, and the court is convinced that none can be successfully made.

We now think our former holding that the proof did not furnish an adequate basis on which the jury could reasonably estimate the money value of the boy's services to his parents during the balance of his minority proceeded from a somewhat erroneous theory. The question is not one of whether or not the boy would have in fact labored and earned money for his parents, but rather of his capacity and ability to do so, and the fact that this capacity had been by his wrongful injury to some extent, at least, diminished. The parents had the legal right to both demand and command the services of their child until he attained his majority. While they might never have exercised that right, or indeed might have voluntarily released it, still it was not the province of the wrongdoer to offer such possibilities as a defense against its wrongful invasion of their right. It was not incumbent upon them to prove that the boy would have worked and earned money for them, but only that he had the capacity and ability, or as our Supreme Court, in Railway v. Measles, 81 Tex. 474, 17 S. W. 124, puts it, that "he was both willing and able to work." A fact in this record not recited in our former opinions was that this boy had been sent by his mother from his home to the store to buy some onions for her, and it was in performance of this errand that he was hurt. This brings the fact findings here well within the rule applied in the Measles Case and in Brunswig v. White, 70 Tex. 504, 8 S. W. 85. In the latter case the Supreme Court said:

"When, from the age and undeveloped state of the child, any estimate of value of the services until majority would be matter of opinion in which no particular * * * knowledge in way of expert testimony could be procured better than the judgment and common sense of the ordinary juror called to the duty of determining such value, then, upon such testimony, the sound discretion of the jury can be relied on to determine the value without any witness naming the sum."

It is not thought necessary to pursue the subject further, but the following additional authorities are cited as substantiating the conclusion stated: Railway v. Lacy, 86 Tex. 244, 24 S. W. 269; Texarkana & Ft. S. R. Co. v. Toliver, 37 Tex. Civ. App. 437, 84 S. W. 375, at page 377; Railway v. Johnson, 37 S. W. 771, at page 775.

The motion of appellees for rehearing has been granted, and the judgment of the court below ordered affirmed in full.

Granted, and judgment affirmed in full.