[Civ. No. 4887. First Appellate District, Division Two.—August 19, 1924.]

## JOHN D. GARRISON, Respondent, v. CHARLES PEARLSTEIN et al., Appellants.

[1] NEGLIGENCE—INJURY TO MINOR SON—LOSS OF SERVICES—ACTION FOR DAMAGES—PARTIES.—Section 197 of the Civil Code does not require that an action for damages for loss of services and earnings of a minor son shall be brought in the name of the father and the mother; but such action may be maintained by the father alone.

[2] ID.—ITEMS OF RECOVERY—PLEADING—INSTRUCTIONS.—Where the complaint in such action alleges that "by reason of said injuries caused by defendants' negligence" the injured minor son "has been and will be deprived of his earning capacity during his minority, and that therefore the plaintiff, his father, has been and will be deprived of his said son's services durinc such minority. That because of such loss of services plaintiff has been damaged" in a specified sum, and the defendants, by their demurrer, do not contend that the complaint is ambiguous, as to whether it charges the loss of earnings or the loss of services, or both, and no other attack is made upon the relief sought until after the trial court has given its instructions to the jury, the issues raised by such pleading are broad enough to justify the giving of instructions covering both loss of services and loss of earning capacity.

[3] ID.—EARNING CAPACITY OF MINOR—EVIDENCE—PROVINCE OF JURY.—In such action, where evidence is introduced to the effect that the injured boy was the son of a salesman for the telephone company and that prior to the accident the son was a healthy, hardy boy of the age of eight years, this is sufficient to enable the jury to determine his earning capacity, although no evidence is introduced that he ever rendered any service of any kind to the parents.

[4] ID.—ELEMENTS OF INJURY—INSTRUCTIONS.—In such an action, all the instructions must be read together and the instructions will not be held erroneous merely because in one of the instructions the court used the expression "injuries sustained" without naming them, where the court in another instruction correctly itemizes the elements of the possible injuries sustained by a parent maintaining such an action.

1.   See 20 **Cal.** Jur. 436.
2.   See 20 **Cal.** Jur. 440.

[5] ID. — USE OF PUBLIC HIGHWAY — OBEDIENCE OF LAW — PRESUMP-
TION—INSTRUCTIONS.—In such an action, an instruction that
"every pedestrian walking or standing in a public highway has
a right to presume that all persons, including those operating and
driving motor vehicles therein, know the law and that they will
obey the law," does not assume that the injured boy was walking
or standing in the street between the curb lines and ahead of the
automobile driven by the defendants.

[6] ID. — DEGREE OF CARE REQUIRED — KNOWN DANGER — PROPER IN-
STRUCTION.—In such an action, an instruction that "the degree of
care required of the defendants while driving the automobile"
where the boy in question "was injured, was commensurate with
the known danger of the particular situation and circumstances
at the time of the accident," does not assume that the driver
saw the boy and knew the danger, and said instruction is not
susceptible of such construction.

[7] ID.—MANNER OF OPERATING AUTOMOBILE—INJURY OF BOY—ERRO-
NEOUS INSTRUCTION.—In such an action, an instruction that "if
you believe from the evidence in the case that at the time of the
accident she drove or operated such automobile in such a manner
as to endanger the life or limb of" the injured boy, the driver
"was guilty of negligence in violating the provisions of the motor
vehicle law," is erroneous, in that it states in effect that if the
driver operated the automobile in such a manner (negligent or
otherwise) as to endanger the life or limb, etc., the defendants
would be liable, thereby taking from the jury all consideration
of negligence—the sole question in issue.

[8] ID.—USE OF STREETS—CARE REQUIRED—INSTRUCTIONS.—In such
action, the use of the expression "due care" in an instruction that
"defendants had a right to traverse said street in an automobile,
but at the same time the law imposes on defendants and all
others who may do likewise, the duty of using due care in so
operating an automobile as not to injure others who may be
lawfully using the street at that time," does not render the in-
struction subject to the objection that it is so ambiguous as not
to indicate the degree, where the court in other instructions clearly
advises the jury that defendants were bound to use ordinary care
and defined the meaning thereof.

[9] ID.—INSTRUCTIONS—USE OF STATUTORY LANGUAGE.—In such ac-
tion, the giving of instructions laying down the law in the very
language of the statute is not error; and if any of the phrases

5.  See 3 Cal. Jur. 879.
6.  See 3 Cal. Jur. 871.
7.  See 19 Cal. Jur. 749.
9.  See 19 Cal. Jur. 764.

therein should have been defined or explained, appellants should have asked the trial court to give further instructions defining and explaining the language used in the statute.

---

(1) 29 Cyc., p. 1637. (2) 29 Cyc., p. 1650. (3) 29 Cyc., p. 1649. (4) 38 Cyc., pp. 1778, 1786. (5) 38 Cyc., p. 1665 (Anno.). (6) 38 Cyc., p. 1666. (7) 28 Cyc., p. 49. (8) 38 Cyc., p. 1786. (9) 38 Cyc., pp. 1598, 1689.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Reversed.

The facts are stated in the opinion of the court.

Louis V. Crowley, Harry I. Stafford and Ford & Johnson for Appellants.

Rufus H. Kimball and Arthur L. Shannon for Respondent.

STURTEVANT, J.—This is an action brought by the father to recover his damages occasioned by the accident which was the subject matter involved in the case of *Garrison* v. *Pearlstein, ante,* p. 326 [229 Pac. 348]. Judgment went for the plaintiff and the defendants have appealed.

[1] The action was commenced by John D. Garrison, the father of the minor boy. The appellants claim that the mother should have been joined as a party plaintiff. In this connection they cite section 197 of the Civil Code, which provides: "The father and mother of a legitimate, unmarried minor child are equally entitled to its custody, service and earnings." By reason of the provisions of that section it is contended that the action should have been brought in the name of both parents. The manifest purpose in wording that section of the code as it is worded was to secure to the mother a property right and not for the purpose of making litigation more involved. No controversy whatever appears by the record to exist between the father and mother as to the possession of the moneys evidenced by the judgment, or that any such controversy will ever arise. We think that there is nothing contained in the section which required this action to be brought in the name of the father and mother any more than it is necessary for a husband and wife to be

joined when suing for property that is manifestly community property.

[2]    Still resting on the provisions of the code section last cited, the appellants contend that the plaintiff sued for loss of services and that the trial court gave instructions covering loss of services and loss of earning capacity, and in so doing that the trial court, by giving the instructions, stated a broader case than the plaintiff stated in this complaint. The vice in this argument is the assumption that the complaint sought recovery for loss of services only. Paragraph 8 of the complaint was as follows: ''That by reason of said injuries caused by defendants' negligence as aforesaid, the said Charles Garrison has been and will be deprived of his earning capacity during his minority, and that therefore the plaintiff, his father, has been and will be deprived of his said son's services during such minority. That because of such loss of services plaintiff has been damaged in the further sum of $14,000.'' To the complaint the defendants interposed a demurrer, but they did not contend that the complaint was ambiguous as to whether it charged the loss of earnings, the loss of services, or both. The demurrer was overruled. No other attack was made upon the relief sought until after the trial court had given its instructions to the jury. It is now claimed that instruction 20 included. as elements of loss both loss of services and loss of earning capacity, and that the instruction should have been confined to loss of services. We think the issues raised by the pleadings were broad enough to justify the giving of the instruction complained of.

[3]    On the trial of the case the plaintiff introduced vouchers and gave evidence showing expenditures in the sum of $3,445.40. The jury brought in a verdict for $7,500. Under the issues made by the pleadings $4,054.60 must have been the award to cover alleged loss of services. As to the last item the appellants contend that the award was not supported by any evidence introduced in the case. As supporting this contention they point to the fact that the plaintiff, the father of the injured child, was a salesman employed by the telephone company, and that no evidence was introduced that the child ever rendered any services of any kind to the parents. Evidence was introduced to the effect that

the boy was the son of a salesman for the telephone company and prior to the accident the child was a healthy, hardy boy of the age of eight years. That evidence was sufficient. (*Meeker* v. *Union Electric Light & Power Co.*, 279 Mo. 574 [216 S. W. 933, 934]; *Houston & T. C. Ry. Co.* v. *Roberts* (Tex. Civ. App.), 206 S. W. 382, 383.) In the Meeker case the court said: "Instruction number 4, given for plaintiff on the measure of damages, is objected to, because there was no evidence of the son's earning capacity, save the circumstances of his age, previous health and condition in life. This was sufficient to enable the jury to determine his earning capacity, aided by their own knowledge and experience."

[4] The appellants contend that the trial court instructed the jury that they could and they could not make the award for the injuries sustained in the accident. We think the contention is not sustained by the record. True, it is that instructions 59 and 62 used the expression "injuries sustained" without naming them, but it is also true that instruction number 20 correctly itemizes the elements of the possible injuries sustained by a parent maintaining such an action. Under the well-established rule that all of the instructions are to be read together, we do not find any error in the instructions complained of.

The appellant complains of certain instructions that the trial court gave acting upon the request of the plaintiff. Number 6 was a copy of an instruction which was approved by the court in *Raymond* v. *Hill*, 168 Cal. 473, at page 479 [143 Pac. 743]. [5] Number 10 was as follows: "You are instructed that every pedestrian walking or standing in a public highway has a right to presume that all persons, including those operating and driving motor vehicles therein, know the law and that they will obey the law." It is claimed that this instruction assumed that Charles Garrison was walking or standing in the street between the curb lines and ahead of the automobile driven by the defendant. It is not so worded. Instruction number 13 contained language which is objected to. That language was approved in *Busch* v. *Los Angeles Ry. Co.*, 178 Cal. 536, at page 539 [2 A. L. R. 1607, 174 Pac. 665]. Instruction number 12 contained two propositions. [6] One was as follows: "The court instructs the jury that the degree of care required of the

defendants while driving the automobile where Charles Garrison was injured, was commensurate with the known danger of the particular situation and circumstances at the time of the accident . . . '' The appellants make only one attack thereon—they claim the instruction assumes that the driver saw Charles and knew the danger. The attack is without merit. The language of the instruction is not susceptible of the construction the appellants place on it.

[7] In instruction number 19 the court charged: '' . . . If you believe from the evidence in the case that at the time of the accident she drove or operated such automobile in such a manner as to endanger the life or limb of Charles Garrison, then I instruct you that Marie Louise Pearlstein was guilty of negligence in violating the provisions of the motor vehicle law.'' The appellants contend that the instruction is not law. The respondent replies that it was patterned after the wording of the Motor Vehicle Act. That act states one rule affirmatively and one rule negatively. They are written in the statute in that order as follows: ''Any person operating . . . a motor . . . vehicle on the public highways shall operate or drive the same in a careful and prudent manner and at a rate of speed not greater than is reasonable and proper, having regard to the traffic and use of the highway, and no person shall operate or drive a motor vehicle on a public highway at such a rate of speed as to endanger the life or limb of any person . . . '' (Stats. 1919, p. 220, sec. 22a.) In referring to ''manner'' the statute uses the language ''careful and prudent manner.'' If the instruction complained of had used the statutory language there would have been no possible objection. In connection with the expression ''endanger the life or limb,'' the statute couples the element of ''speed.'' Again, if the instruction complained of had incorporated the statutory language ''drove or operated such automobile on Ashbury Street, a public highway, at such a rate of speed as to endanger the life or limb of Charles Garrison,'' there would have been no possible objection. But as the instruction was written it stated in effect that if the driver operated the automobile in such a manner (negligently or otherwise) as to endanger the life or limb, etc. There was no dispute but what the left leg of Charles Garrison was torn by some part

of the Pearlstein car. If at that time the car was operated in a negligent manner the defendants might be liable; but, if it was operated in a careful manner, and nevertheless Charles' leg was injured, the defendants would not be liable. As it was worded the instruction took from the jury all consideration of negligence—the sole question in issue. *Manning* v. *App Cons. Gold Mining Co.*, 149 Cal. 35 [84 Pac. 657], is closely in point. There, as here, the sole question to be determined was whether the doing of a certain act in a certain manner was negligent. The trial court gave an instruction that the manner was negligent. At page 42 of 149 Cal. [84 Pac. 660], the supreme court said: "When the court instructed the jury that if mining poles longer than the depth of the skip were sent down the shaft unlashed to the cable it constituted negligence on the part of the defendant, it assumed a determination of the very question at issue. In effect by this instruction the court told the jury to return a verdict for the plaintiff."

[8] In instruction number 12 the trial court instructed: " . . . The defendants had a right to traverse said street in an automobile, but at the same time the law imposes on defendants and all others who may do likewise, the duty of using due care in so operating an automobile as not to injure others who may be lawfully using the street at that time." The appellants contend that the expression "due care" is so ambiguous as not to indicate the degree. In other instructions, 8, 31, and 32, the court had clearly advised the jury that the appellants were bound to use ordinary care and had defined the meaning thereof. On such a record we think that it is clear that due care was understood by the jury to mean ordinary care. (*Stadler* v. *Pacific Electric Ry. Co.*, 23 Cal. App. 571, 576 [138 Pac. 943].)

[9] The appellants challenge instruction number 17 and instruction number 11. Instruction number 17 followed the wording and applied the provisions of the statute. (Stats. 1919, p. 220, sec. 20a.) Instruction number 11 copied *verbatim* the statute. (Stats. 1915, p. 397, sec. 12.) "Laying down the law in the words of the law itself ought not to be pronounced to be error." (*Mertens* v. *Southern Coal & Mining Co.*, 235 Ill. 540, 551 [85 N. E. 743, 747].) If, as appellants argue, certain phrases should have been defined

or explained, the appellants should have asked the trial court to give further instructions defining and explaining the language used in the statute. (*Bruce* v. *Western Pipe & Steel Co.*, 177 Cal. 25, 28 [169 Pac. 660].)

The judgment is reversed.

Langdon, P. J., and Nourse, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 16, 1924.