MICHIGAN SANITARIUM AND BENEVOLENT ASSOCIATION v.
MRS. W. P. NEAL.

(Filed 26 October, 1927.)

**Actions—Damages—Parties — Physicians and Surgeons — Malpractice— Pleadings—Counterclaim—Parent and Child.**

Where a mother has placed her son in a sanitarium for treatment and is personally responsible for the services therein rendered, in an action to recover therefor against her she may not qualify as guardian for her son and make herself a party for the purpose of recovering for him damages upon a counterclaim alleged to have been caused by malpractice, as such does not fall within the scope of the plaintiff's cause of action, and she in her capacity as guardian is not a necessary party; and *held further,* damages to herself by reason of the relationship are too speculative and remote as a basis of her recovery. C. S., 460, 456.

26—194

APPEALS by plaintiff and defendant, Mrs. W. P. Neal, from *Lyon, J.,* at August Term, 1927, of FRANKLIN.

Civil action, instituted 13 June, 1927, to recover $401.35, balance alleged to be due for medical attention and services rendered defendant's son while a patient in plaintiff's sanitarium from 16 April, 1925, to 8 June of the same year.

On 4 July, 1927, the defendant filed answer and alleged that, in sending her 27-year-old son, W. W. Neal, to plaintiff's sanitarium, she was acting "not only in her own behalf, but also for and in behalf of her said son"; that by reason of plaintiff's careless and negligent treatment her son, instead of being benefited, sustained, as a direct and proximate cause of such malpractice, a violent derangement of mind and temporary loss of sanity, from which the defendant suffered great mental anguish and lost, for a time, the "comfort, sustenance and filial support of her said son," endamaging the defendant to the amount of $25,000, which she sets up as a counterclaim; and that as she was appointed guardian of her said son on 11 October, 1925, the defendant asked that she as guardian and her son be made parties defendant to the present action. This motion was allowed, over objection of plaintiff, and following the order making additional parties, W. W. Neal and his mother as guardian came in and filed answer, denying plaintiff's right to recover, and set up a counterclaim for the negligence and malpractice as above mentioned, and further alleged that the said W. W. Neal was wrongfully and brutally assaulted while in plaintiff's sanitarium, endamaging said defendants in the sum of $50,000.

Plaintiff demurred to the counterclaim set up by the defendants, which was sustained as to the counterclaim set up by Mrs. Neal individually and overruled as to the counterclaim set up by W. W. Neal and his guardian. Plaintiff and defendant, Mrs. W. P. Neal, appeal, assigning errors.

*Spruill & Spruill and G. M. Beam for plaintiff.*
*Yarborough & Yarborough, Ben T. Holden and Robert N. Simms for defendants.*

### PLAINTIFF'S APPEAL.

STACY, C. J., after stating the case: The motion of the defendant to have herself as guardian and her son made parties defendant in this action was for the evident purpose of setting up a counterclaim, and not because the presence of such parties was necessary to "a complete determination of the controversy" between the plaintiff and the defendant (C. S., 460), or essential to a "settlement of the questions involved." C. S., 456. No adjustment of the rights, as between the defendants, is

demanded, and while the additional parties may be proper, they are not necessary to a complete determination of the controversy. *Spruill v. Bank,* 163 N. C., 43. Plaintiff has brought its action against Mrs. Neal alone, and upon the allegations of the complaint it must stand or fall. Therefore, the counterclaim set up in this action by W. W. Neal and his guardian should be stricken out. 24 R. C. L., 877. They were made parties only for the purpose of determining the controversy between the plaintiff and the original defendant. *Joyner v. Fiber Co.,* 178 N. C., 634; *Aiken v. Mfg. Co.,* 141 N. C., 339. The plaintiff has not elected to sue W. W. Neal, and no cause of action is set up as against him or his guardian.

It was held in *Coursen v. Hamlin,* 2 Duer (N. Y.), 513, that a counterclaim, which required the bringing in of other parties, could not be set up in the suit then pending. Note, 12 Am. Dec., p. 154. See, also, Note 10, A. L. R., 1252; *Utley v. Foy,* 70 N. C., 303; *Walton v. McKesson,* 64 N. C., 154; *Shell v. Aiken,* 155 N. C., 212, and *Engine Co. v. Paschal,* 151 N. C., 27.

The case is not like *Bowman v. Greensboro,* 190 N. C., 611, and *Guthrie v. Durham,* 168 N. C., 573, where questions of primary and secondary liability as between the defendants were presented. Nor is it one in which the rights of interveners are involved. *Sitterson v. Speller,* 190 N. C., 192; *Temple v. LaBerge,* 184 N. C., 252; *Feed Co. v. Feed Co.,* 182 N. C., 690; *Bank v. Furniture Co.,* 120 N. C., 477.

Error.

## APPEAL OF DEFENDANT, MRS. W. P. NEAL.

STACY, C. J. The demurrer to the counterclaim set up by Mrs. Neal for mental anguish and loss of comfort, sustenance and filial support of her 27-year-old son was properly sustained under authority of the reasons employed in *Hinnant v. Power Co.,* 187 N. C., 288. These damages are too remote to be made the subject of an action on the allegations presently appearing of record. *Feneff v. R. R.,* 203 Mass., 278.

Affirmed.