Maxine Stephens, Infant, by Howard Stephens, Father, Ruth Stephens and Howard Stephens, Appellees, v. Charles Weigel, Appellant.

Gen. No. 10,273.

Opinion filed November 12, 1948. Petition for rehearing withdrawn December 15, 1948. Released for publication December 17, 1948.

BEAMISH, EDWARDS & BRUNNEMEYER, of Aurora, for appellant; HAROLD L. BEAMISH, of Aurora, of counsel.

W. C. O'BRIEN, of Aurora, for appellees; W. C. O'BRIEN and WILSON D. BURNELL, both of Aurora, of counsel.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an appeal by defendant, Charles Weigel, from a judgment of the circuit court of Kane county entered on a jury verdict awarding damages to plaintiffs for personal injuries sustained by plaintiff Maxine Stephens, a minor, and plaintiff Ruth Stephens, her mother, while riding in defendant's car.

The essential issue is whether the trial court erred in refusing to direct a verdict for defendant, and in ruling that there was sufficient evidence of defendant's wilful and wanton misconduct to submit that issue to the jury.

In determining whether a verdict should be directed, a court is constrained to view the evidence, and all legitimate inferences therefrom, in the light most favorable to the plaintiff. (*Walldren Exp. & Van Co. v. Krug,* 291 Ill. 472; *Schneiderman v. Interstate Transit Lines, Inc.,* 394 Ill. 569.) If there is any evidence of wilful and wanton misconduct upon which reasonable men may differ, the court is obliged to submit that issue to the jury. It is, therefore, the province of this court to review the record and determine if there was any evidence presented therein to support this essential allegation of plaintiffs' cause of action.

On the evening of March 30, 1947, plaintiffs Ruth Stephens and Maxine Stephens were riding with defendant and his wife enroute to defendant's home in Aurora. Defendant, who is the father of plaintiff Ruth Stephens, and grandfather of plaintiff Maxine Stephens, was driving his 1933 model Chevrolet sedan

in a westerly direction on state route 65, a four-lane highway, and although the eastbound traffic was heavy, westbound traffic was light, and defendant had two lanes to himself. The headlights of defendant's car cast a beam of only 11 to 20 feet ahead, nevertheless, he was traveling at a speed of 50 to 60 miles per hour, despite admonitions to slow down. Defendant, however, claims he was driving only 35 miles per hour. At a curve in the highway, he deliberately drove off the paved portion of the road onto the shoulder, although he admittedly was unable to see where he was going, since he claims the lights of the approaching cars blinded him. Without slackening his speed he rode blindly ahead on the shoulder for some 250 feet, until his car struck a telephone pole. The impact of the collision broke the pole in half, and threw all of the occupants of the car, even those in the back seat, out of the two-door sedan. Plaintiffs Maxine Stephens and Ruth Stephens, as well as defendant, were severely injured, and were removed by ambulance to the St. Charles hospital in Aurora, Illinois, where they were confined for 8 to 10 weeks.

On the basis of the foregoing evidence, the jury found defendant guilty under the wilful and wanton counts of the complaint, and awarded damages in the sum of $12,500 to plaintiff Maxine Stephens, $5,000 to plaintiff Ruth Stephens, and $7,500 to plaintiff Howard Stephens for medical and hospital expenses paid as the result of injuries to his daughter and wife, and for the loss of their services, love, affection and society.

Inasmuch as plaintiffs Maxine Stephens and Ruth Stephens were, in legal intendment, guests in defendant's car, their right to recover against him for injuries sustained as a result of his acts are governed by the terms of the "Guest Statute," sec. 42–1 of the Motor Vehicle Act. This statute provides in substance, that no right of action shall accrue to persons riding as guests, unless it can be shown that the driver

was guilty of wilful and wanton misconduct. (Ch. 95½, par. 58a, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 85.064(1)]; *Leonard v. Stone*, 381 Ill. 343, 346.)

Although no specific rule can be promulgated to determine categorically what constitutes wilful and wanton misconduct (*Reed v. Zellers*, 273 Ill. App. 18), it is generally established that defendant must exhibit a lack of regard for the safety of others, and a conscious indifference to the consequences that might follow from his acts. (*Schneiderman v. Interstate Transit Lines, Inc., supra.*) Violation of a statutory speed limit does not *per se* constitute wilful and wanton misconduct, for in every case the attending circumstances must be taken into consideration. (*Bartolucci v. Falleti*, 382 Ill. 168.) It is not necessary, however, that defendant intended that plaintiff should be injured by reason of his acts, nor is it necessary that defendant actually know the dangers to which plaintiff is exposed. It is sufficient if he has notice which would alert a reasonably prudent man, and he does not take reasonable precautions under the circumstances. (*Walldren Exp. & Van Co. v. Krug, supra.*)

In the instant case it can be assumed that defendant did not intentionally desire to injure plaintiffs Ruth Stephens and Maxine Stephens. His conduct, however, in driving the 1933 model sedan with its very dim lights at a speed of 50 to 60 miles an hour, despite warnings to slow down; in deliberately turning the car off the curve of the highway onto the shoulder even though he had two lanes on which to drive, and when he did not know and could not see where he was going; and in continuing blindly ahead at the same speed until he hit a telephone pole with such a severe impact that the pole broke in half and all the passengers, including those in the back seat, were thrown out of the two-door sedan, constituted a combination of acts which could fairly be interpreted as wilful and wanton misconduct.

The dangers implicit in blindly turning off the road and speeding ahead should have been readily apparent to a reasonably prudent man, and a modicum of caution would have dictated that defendant stop or at least slow down until he could see ahead. From the impact of the blow, and from defendant's own admission, it is obvious he took no such simple precautions to avoid the consequences, and exhibited a lack of regard for the safety of others, with the result that plaintiffs Ruth Stephens and Maxine Stephens sustained permanent and serious injuries.

Under these circumstances it is our judgment that the record contained evidence upon which reasonable men might differ, which tended to substantiate plaintiffs' allegations of defendant's wilful and wanton misconduct. Therefore, the circuit court properly regarded the issue of whether plaintiffs' injuries were inflicted by defendant's wilful and wanton misconduct as a question of fact to be determined by the jury, and there was no error in denying defendant's peremptory motion for a directed verdict.

This conclusion is consistent with prevailing judicial thought expressed in similar cases. In *Reed v. Zellers, supra,* where the driver swung his car off the roadway when he saw the lights of another car in front of him, and thereupon collided with a pole, the court held in a proceeding instituted by defendant's guests that it was a proper issue for the jury to determine whether defendant was guilty of wilful and wanton misconduct, and therefore denied defendant's motion for a directed verdict.

Defendant further denies the right of plaintiff Howard Stephens to recover damages. This contention must be rejected. Inasmuch as plaintiffs Ruth Stephens and Maxine Stephens are not barred under the Guest Statute from recovering damages for personal injuries sustained by them, the plaintiff Howard Stephens, as father of Maxine and husband of Ruth,

is properly entitled to assert a claim for consequential damages arising from his payment of medical and hospital expenses, and for the loss of the services and society of his wife and daughter. Therefore, the circuit court did not err in permitting his claim to be submitted to the jury.

Defendant further assigns as error the submission of certain modified instructions to the jury which he contends constitute grounds for reversal. The allegedly offending instructions concern the issue of damages, and instructed the jury that, if it found for the plaintiff, it would be required to determine the amount of his or her damage, if any. The instructions did not, however, direct the jury to find for the plaintiffs.

The Illinois courts have repeatedly approved instructions in that form. (*Chicago, R. I. & P. R. Co. v. Steckman,* 224 Ill. 500, 507; *Bernier v. Illinois Cent. R. Co.,* 296 Ill. 464, 472; *Goldberg v. Capitol Freight Lines,* 382 Ill. 283, 294.) In *Goldberg v. Capitol Freight Lines, supra,* the court stated that such an instruction was not peremptory, but was directed to the apportionment of damages, and inasmuch as other instructions submitted by the court informed the jury as to whether or not it could find for the plaintiff, the complained of instruction, when viewed in its proper context in the connected series, was not improper.

Similarly, in the instant case the jury was advised as to the law relative to the rights of plaintiffs and defendant, and the modified damage instructions, when considered as part of the series of directives designed to assist the jury, obviously did not prejudice defendant's rights, and his objections thereto are without merit.

Under the foregoing analysis of this cause, it is our opinion that the circuit court did not err in refusing to direct a verdict in favor of defendant, nor in sub-

mitting the modified damage instructions to the jury. Therefore, the judgment entered by that court should be affirmed.

*Judgment affirmed.*