[Civ. No. 19724. First Dist., Div. Three. Feb. 16, 1962.]

BERYL SLATER et al., Plaintiffs and Appellants, v. CALIFORNIA STATE AUTOMOBILE ASSOCIATION, Defendant and Respondent.

Condon, Dolgin & Page and David A. Dolgin for Plaintiffs and Appellants.

Mullally & Wines for Defendant and Respondent.

DRAPER, P. J.—In this action upon an insurance policy, the amended complaint was stricken and summary judgment entered. Plaintiffs appeal. There is no conflict as to facts.

In an earlier action plaintiffs, a mother and her three minor children, recovered judgment for $77,412.24 for the wrongful death of their husband and father, and for injuries to plain-

tiff mother, resulting from a collision November 2, 1958, with an automobile driven by Frank Erceg, an unmarried minor. That judgment was against Frank Erceg only, and his parents were not parties to the action. The instant action, filed March 14, 1960, seeks the amount of the earlier judgment from defendant insurer under a policy issued to Frank's parents, Anthony and Katherine Erceg. The automobile described in the policy is a 1952 Ford. It is conceded, however, that if the parents were the owners of the 1951 Chevrolet driven by Frank at the time of the accident, the policy covers this loss.

Frank was born May 31, 1938. He graduated from high school in 1956, and continued to live with his parents under an arrangement that he would pay board and room when employed. In 1956, he joined the Navy. After service overseas, he was stationed in the State of Washington. In June 1958, he bought the automobile which was later involved in the Slater collision. He paid for it with funds accumulated during his overseas service, and from the same source paid for the Washington registration in his own name, for all cost of operation and maintenance, and for insurance on the car. Although he had written his parents that he intended to buy a car, he did not ask their permission for its purchase. When discharged from the Navy, he drove this car to his parents' home in Oakland, arriving November 1. He intended to resume the arrangement by which he would give them some of his earnings when he was working. The collision with the Slater car occurred the next day. Neither parent had driven the car or had a key to it, and Frank did not ask or receive any permission from either to use it. The parents filed, in this action, affidavits denying ownership or claim thereto. After the collision, Frank transferred title to the car in payment of towing charges, and neither parent joined in the transfer.

This appeal turns wholly on the question whether the parents owned or had any interest in the car registered in Frank's name. If they did, the insurance policy issued to the father by defendant by its terms covers the Slater accident.

█ The parents of an unmarried minor are entitled to its earnings (Civ. Code, § 197; *Macchi* v. *La Rocca,* 54 Cal. App. 98 [201 P. 143]; *Wardrobe* v. *Miller,* 53 Cal.App. 370 [200 P. 77]; *Smith* v. *Smith,* 38 Cal.App. 388 [176 P. 382]).

█ This right may be relinquished (Civ. Code, § 211). Such relinquishment is effected by "emancipation" of the

minor, either partial or complete (39 Am.Jur. 702-706). Although only relinquishment of the son's Navy pay is here involved, it may be noted that there is at least as much evidence to support a finding of total emancipation as was held sufficient for that purpose in a recent case (*Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244 [288 P.2d 868]). *Martinez* does point out that emancipation is a question of fact.

█  Here, however, the facts are uncontradicted. The only question is whether, as a matter of law, the undisputed facts show a relinquishment of parental rights to the automobile purchased by the son. Relinquishment may be an issue even when the automobile was purchased in the father's name, and he is affirmatively claiming title (*James* v. *James*, 226 N.C. 399 [38 S.E.2d 168]). Here no interest is or has been claimed by the parents. A clear case of relinquishment is indisputably shown.

We find it unnecessary to determine whether a minor's pay for military service is in a different category than other earnings, and thus not the property of the parents (see *United States* v. *Williams*, 302 U.S. 46 [58 S.Ct. 81, 82 L.Ed. 39]; *Five Per Cent Cases*, 110 U.S. 471 [4 S.Ct. 210, 28 L.Ed. 198]; *Halliday* v. *Miller*, 29 W.Va. 424 [1 S.E. 821, 833-834, 6 Am.St.Rep. 653]; and cases collected at 12 A.L.R. 929-930).

Rather, assuming the parents' right to the military earnings of their son, the record here clearly establishes that the senior Ercegs relinquished to the son the earnings he expended for purchase, maintenance and operation of the car registered in his name, and the automobile itself.

Judgment affirmed.

Salsman, P., and Devine, J., concurred.