514 P.2d 79 (1973)
Clark A. MILLER, a minor by and through his father and next friend, Frank Miller, and Frank Miller, individually, Plaintiffs-Appellants.
v.
David F. SUBIA and Felix Subia, Defendants-Appellees.
No. 72-299.
Colorado Court of Appeals, Div. I.
July 31, 1973.
Rehearing Denied August 21, 1973.
Certiorari Denied October 1, 1973.
Michael M. Laden, Denver, for plaintiffs-appellants.
Yegge, Hall & Evans, Eugene O. Daniels, Denver, for defendants-appellees.
Not Selected for Official Publication.
PIERCE, Judge.
Frank Miller brought this action on behalf of himself and his minor son, Clark, seeking damages for injuries sustained by Clark in an automobile-motorcycle accident with David Subia. The accident with defendant David Subia, who was driving an automobile owned by defendant Felix Subia, occurred at the intersection of Grandview Avenue and Wadsworth Boulevard in Jefferson County. Defendant, *80 traveling east on Grandview Avenue in his automobile, attempted to turn left onto Wadsworth Boulevard and was struck by plaintiff Clark Miller who was traveling west on his motorcycle on Grandview Avenue. Each party claimed that the other's negligence was the proximate cause of the accident. The matter was tried to a jury which determined that Subia was negligent and entered verdicts for both plaintiffs.
Contending that the amount of the verdicts are inadequate as a matter of law, plaintiffs appeal from the judgment based thereon. Specifically, appellant Clark Miller contends that the evidence conclusively established, among other things, that he had suffered injury to his back and an aggravation to a pre-existing knee injury; that associated with these injuries he had suffered severe pain and suffering; and that he had incurred a loss of past and future earnings. For all these damages, the jury awarded him $1,000, which he contends is the exact amount of his lost wages, and that therefore, no award was given for pain and suffering. Appellant Frank Miller contends that the court erred in not submitting an instruction to the jury that he was entitled to damages for loss of companionship and loss of future earnings and services of his son. We do not agree with either appellant and therefore, affirm.
First, with regard to Clark Miller's injuries, appellants contend that this is a case where the verdict rendered conclusively shows that damages were not awarded on certain elements of plaintiffs' rightful claim, even though they were proven and the jury was instructed thereon. In support of this contention, appellants cite Denton v. Navratil, 170 Colo. 158, 459 P.2d 761; Franklin v. Templeton, 163 Colo. 48, 428 P.2d 361; and Murrow v. Whiteley, 125 Colo. 392, 244 P.2d 657. This, however, is not a case where a verdict returned is identical to any specifically proven special damages. It merely approximates the sum prayed for, for lost time, which is only a portion of the general damages claimed. Under the facts before us, we cannot conclusively determine that the verdict awarded was for only one particular element of damages. Rather, the verdict returned is general, and we, therefore, must presume that the jury took into account all elements of the claimed-for damages, including both the back injury and the alleged aggravation of the knee injury. In light of such presumption, the judgment will not be disturbed on appeal. Lehrer v. Lorenzen, 124 Colo. 17, 233 P.2d 382.
We also find no merit to Frank Miller's contention that the jury was not instructed on all the elements of his damages. A review of the record convinces us that there was inadequate evidence to support a recovery for him on loss of companionship, services, and earnings, and therefore, it was proper not to instruct the jury on these theories. See Stahl v. Cooper, 117 Colo. 468, 190 P.2d 891.
Judgment affirmed.
SILVERSTEIN, C.J., and COYTE, J., concur.