[L.A. No. 30649. May 6, 1977.]

MARGARET BAXTER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
C. HUNTER SHELDON et al., Real Parties in Interest.

462

---

**COUNSEL**

Ronald L. M. Goldman and Michael K. McKibbin for Petitioners.

No appearance for Respondent.

Morgan, Wenzel & McNicholas, Bruce A. Broillet, Dryden, Harrington & Swartz, Peter Abrahams, Raphael Cotkin and Dale D. Billips for Real Parties in Interest.

## OPINION

**TOBRINER, Acting C. J.**—Our opinion in *Borer* v. *American Airlines, ante,* page 441 [138 Cal.Rptr. 302, 563 P.2d 858], holds that a child has no cause of action for the negligently caused loss of the affection and society of his parent. The present case presents the related question of whether the parents of an injured child can state a cause of action for the loss of the affection and society of their child. The two cases differ only in that by historical accident the common law permitted a parent to sue for the loss of the earnings and services of his child, but denied a child any cause of action for loss of parental support; relying upon this common law precedent, some states which do not allow a child to sue for loss of parental consortium nevertheless permit the parent, often in the guise of a suit to recover for loss of the child's services, to recover damages for loss of filial affection and society. ▮ In California, however, the parent's cause of action has not expanded beyond the ancient right to recover for loss of earnings and services of economic value. For the policy reasons stated in *Borer,* in particular the intangible nature of the injury and the danger of multiplication of claims and liability, we decline to enlarge the parent's cause of action to permit recovery for the loss of affection and society.

In August of 1970, Andre Baxter, aged 16, entered Huntington Memorial Hospital and was given a general anesthetic in preparation for diagnostic procedures and possible surgery. As a result of the anesthetic, he was rendered unconscious and remained comatose for four months, during which time he underwent fourteen separate neurosurgeries. Upon awakening, it was discovered that he had been reduced to the mental age of three, suffered total blindness and severe impairment of his hearing, and partial paralysis of his right side.

In November of 1974 Andre and his parents filed suit against the hospital and the attending physicians. Their second amended complaint asserts four causes of action. The first cause of action alleged injury to and sought damages on behalf of Andre for medical malpractice; the second sought damages on behalf of Andre's parents, Margaret and Theodore, for expenses they incurred as a result of the alleged malpractice; and the third and fourth sought damages on behalf of the parents for their loss of Andre's "support, comfort, protection, society, and pleasure."

■ Asserting that California law did not recognize a parent's right to recover for loss of filial consortium, three of the seven named defendants demurred to the alleged third and fourth causes of action. The trial court sustained the demurrer without leave to amend. Petitioners Margaret and Theodore Baxter, Andre's parents, petitioned the Court of Appeal for a writ of mandate to require the superior court to order defendants to answer the asserted third and fourth causes of action. The Court of Appeal issued an alternative writ, but after argument discharged that writ and denied relief. We granted a petition for hearing.

■ Our opinion in *Borer* v. *American Airlines, supra, ante,* page 441, explains the policy considerations which impelled us to conclude that a child should not have a cause of action for loss of parental consortium. Those reasons for the most part apply fully to the present issue of a parental claim for loss of filial consortium. The intangible character of the loss, which can never really be compensated by money damages; the difficulty of measuring damages; the dangers of double recovery of multiple claims and of extensive liability—all these considerations apply similarly to both cases. To be sure, the risk of multiple claims and disproportionate awards is slightly less in the present context, since an injured child has only two parents who can sue for loss of consortium, while an injured parent may have many children. That minor difference between the cases, however, plainly does not suffice to justify allowing a parental cause of action while denying a child's claim. Petitioners do not argue to the contrary.

Petitioners contend, however, that the decision of other jurisdictions recognize a distinction between the right of the parent and that of the child. Although as we observed in *Borer* v. *American Airlines, supra, ante,* page 441, no jurisdiction allows a child to recover for loss of parental consortium, the states are divided on the question whether a parent can recover for loss of a child's consortium.[1] Yet none of the decisions

---

[1] The following decisions uphold recovery: *Drayton* v. *Jiffee Chemical Corp.* (N.D.Ohio 1975) 395 F.Supp. 1081 (Ohio law); *Miller* v. *Subia* (Colo.App. 1973) 514 P.2d 79; *Yordon* v. *Savage* (Fla. 1973) 279 So.2d 844; *Stephens* v. *Weigel* (1948) 336 Ill.App. 36 [82 N.E.2d 697]; *Rosenau* v. *City of Estherville* (Iowa 1972) 199 N,W.2d 125 (by implication); *Bias* v. *Ausbury* (1963) 369 Mich. 378 [120 N.W.2d 233] (Ohio law); *Shockley* v. *Prier* (1975) 66 Wis.2d 394 [225 N.W.2d 495]. Three states provide for the cause of action by statute. (Idaho Code Ann. § 5-310 (supp. 1976) as interpreted in *Hayward* v. *Yost* (1952) 72 Idaho 415 [242 P.2d 971]; Iowa Code Ann. Rule Civ. Proc. 8 (supp. 1976); Wash. Rev. Code Ann. § 4.24.010 (supp. 1975).

The following decisions deny recovery: *Smith* v. *Richardson* (1965) 277 Ala. 389 [171 So.2d 96]; *Jackiewicz* v. *United Illuminating Co.* (1927) 106 Conn. 310 [138 A. 151] (by implication); *Deems* v. *Western Md. Ry. Co.* (1967) 247 Md. 95 [231 A.2d 514, 525]

upholding a parental cause of action address the question whether the parent's claim can reasonably be distinguished from a child's claim. The majority of decisions that sustain the parental cause of action do so merely by citing the common law right of a parent to recover for loss of a child's services and by treating the child's affection and companionship as among the "services" to which the parent is entitled. (See Love, *Tortious Interference with the Parent-Child Relationship: Loss of an Injured Person's Society and Companionship* (1976) 51 Ind.L.J. 590, 594-600.) The absence of any comparable right of action for the child at common law presumably accounts for the dearth of decisions permitting the child to recover for loss of parental affection and society.

The existence of a common law right to recover for the loss of a child's earnings and services does not, we believe, furnish a sufficient basis to distinguish a parent's suit for loss of consortium from the child's claim denied in *Borer* v. *American Airlines.* The common law right in question derives from the right of a master to recover for the loss of his servant's services (see Prosser, Torts (4th ed. 1971) p. 888), and dates from the period when the labor of the child in his parent's business, or his earnings outside the home, served as an important economic resource of the family (see 1 Harper & James, Torts (1956) § 8.8).[2] With rare exceptions the parent's right to a child's earnings and services today is of little economic value; it exists less as a significant legal right than as a historical curiosity. (See Love, *op. cit. supra,* 51 Ind.L.J. 590, 601.) While that historical atavism may explain why some jurisdictions permit a parent to recover for loss of his child's consortium yet deny the corresponding right of the child, it does not justify that distinction, and does not supply us with any reason to follow those decisions.

Although the parents' right to their child's earnings and services is established by statute in California (see Civ. Code, § 197), the few decisions enforcing that right grant recovery only for loss of earnings or services of economic value. (See *Durkee* v. *Central Pac. R.R. Co.* (1880) 56 Cal. 388, 392; *Hair* v. *County of Monterey* (1975) 45 Cal.App.3d 538,

---

(dictum); *Butler* v. *Chrestman* (Miss. 1972) 264 So.2d 812 [69 A.L.R.3d 546]; *Brennan* v. *Biber* (1966) 93 N.J.Super. 351 [225 A.2d 742]; *Gilbert* v. *Stanton Brewery* (1946) 295 N.Y. 270 [67 N.E.2d 155]; *Mich. Sanatarium & Benevolent Ass'n* v. *Neal* (1927) 194 N.C. 401 [139 S.E. 841]; *Quinn* v. *City of Pittsburgh* (1914) 243 Pa. 521 [90 A. 353]; *McGarr* v. *Nat'l & Providence Worsted Mills* (1902) 24 R.I. 447 [53 A. 320].

[2]By common law tradition and by statute in California (see Civ. Code, § 197) the parent's cause of action is limited to cases in which the parent has an enforceable right to the child's services and earnings; thus no cause of action can be asserted when the child has reached majority or been emancipated. (See *Slater* v. *California State Auto. Assn.* (1962) 200 Cal.App.2d 375, 376-377 [19 Cal.Rptr. 290].)

545 [119 Cal.Rptr. 639] (dictum); *Richmond* v. *Moore* (1930) 103 Cal.App. 173, 182 [284 P. 681]; *Garrison* v. *Pearlstein* (1924) 68 Cal.App. 334, 337-338 [229 P. 351]; *Wardrobe* v. *Miller* (1921) 53 Cal.App. 370 [200 P. 77].) Expansion of recovery to include damages for loss of affection and society encounters the same arguments invoked in *Borer* in denial of a child's claim for loss of parental consortium. We therefore conclude that a parent has no cause of action in negligence to recover damages for loss of filial consortium.[3]

The alternative writ issued by the Court of Appeal is discharged, and the petition for a peremptory writ is denied.[4]

Clark, J., Richardson, J., Sullivan, J.,* and Wright, J.,† concurred.

**MOSK, J.**—Inasmuch as the majority refuse to recognize the cause of action for loss of filial consortium herein on the same policy grounds that they invoke in denying recovery for loss of parental consortium in the companion case of *Borer* v. *American Airlines, Inc., ante,* page 441 [138 Cal.Rptr. 306, 563 P.2d 858]. I dissent for the reasons set forth in my dissenting opinion to the latter, *supra, ante,* page 453.

---

[3]Our decision does not bar a parent's action for intentional interference with the parent-child relationship, a cause of action recognized by California precedent. (See *Rosefield* v. *Rosefield* (1963) 221 Cal.App.2d 431, 435-436 [34 Cal.Rptr. 479]; *Horowitz* v. *Sacks* (1928) 89 Cal.App. 336, 340 [265 P. 281] (dictum); cf. *Borer* v. *American Airlines, supra, ante,* p. 451, fn. 3.)

[4]Language contrary to the views expressed herein in *Mobaldi* v. *Regents of University of California* (1976) 55 Cal.App.3d 573, 586 [127 Cal.Rptr. 720] and *Hair* v. *County of Monterey* (1975) 45 Cal.App.3d 538, 545, 547 [119 Cal.Rptr. 639], is disapproved.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

†Retired Chief Justice of California sitting under assignment by the Acting Chairman of the Judicial Council.