[Civ. No. 68873. Second Dist., Div. Four. Dec. 20, 1983.]

KENNETH TRAPP, a Minor, etc., et al., Plaintiffs and Appellants, v. SCHUYLER CONSTRUCTION, Defendant and Respondent.

COUNSEL

Theodore A. Eagans for Plaintiffs and Appellants.

Reilly & Zell and Arthur M. Reilly for Defendant and Respondent.

OPINION

AMERIAN, J.—This appeal is from an order of dismissal entered after the demurrer of respondent Schuyler Construction dba Regent Apartments to a first amended complaint was sustained without leave to amend.

FACTS

Kenneth Trapp and Karen Trapp (hereinafter appellants), minors under 14 years of age, by Kenneth Trapp and Rose Trapp, their parents, allege in their first amended complaint for negligent infliction of emotional distress that they are the first cousins of Ian Glenn McSweaney, with whom they "had a very close emotional attatchment [sic]." It is further alleged that appellants and McSweaney "played together often and had a relationship analogous [sic] to a relationship between siblings. Plaintffs [sic] loved [McSweaney] as they would their own brother."

Appellants brought this action after sustaining "great emotional distrubance [sic] and shock and injury to their nervous system [sic], resulting in gastrointestinal disorders, head aches [sic], shock, anxiety, and loss of sleep," upon witnessing the drowning of McSweaney in a swimming pool located on respondent's property. It is alleged that the death resulted from respondent's negligence in maintaining the swimming pool and the swimming pool area.

Respondent demurred, asserting that the first amended complaint did not pass the guidelines to foreseeability of risk of emotional trauma established by the California Supreme Court in *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316]: "(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." (At pp. 740-741.)

The trial court sustained respondent's demurrer without leave to amend and the action was dismissed. We affirm.

ISSUE

■ Did appellants state a cause of action for negligent infliction of emotional distress, based upon witnessing the death of a first cousin?

DISCUSSION

The existence of a cause of action for emotional trauma and physical injury resulting from witnessing the infliction of injury or death on a third party was first recognized by the California Supreme Court in *Dillon* v. *Legg, supra,* 68 Cal.2d 728. In that case a mother recovered damages for the emotional distress she sustained when she witnessed a car strike and kill her minor child. The court enumerated the three elements necessary to establishing foreseeability, *supra,* and then stated: "We are not now called upon to decide whether, in the absence or reduced weight of some of the above factors, we would conclude that the accident and injury were not reasonably foreseeable and that therefore defendant owed no duty of due care to plaintiff. In future cases the courts will draw lines of demarcation upon facts more subtle than the compelling ones alleged in the complaint before us." (*Id.,* at p. 741.)

In the instant case we are concerned with the third factor articulated by the *Dillon* court, "Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." (*Id.,* at p. 741.)

The cases which have considered the *Dillon* guideline of foreseeability have generally construed it narrowly. It is clear that a "close relationship" does not include friends, housemates, or those standing in a "meaningful relationship." (*Drew* v. *Drake* (1980) 110 Cal.App.3d 555, 557 [168 Cal.Rptr. 65]; see *Kately* v. *Wilkinson* (1983) 148 Cal.App.3d 576 [195 Cal.Rptr. 902].) The courts have limited reasonable foreseeability to those parties related by law to the victim.[1] (*Kately* v. *Wilkinson, supra,* 148 Cal.App.3d 576; *Drew* v. *Drake, supra,* 110 Cal.App.3d 555.)

---

[1]The exception to this rule is found in *Mobaldi* v. *Regents of University of California* (1976) 55 Cal.App.3d 573 [127 Cal.Rptr. 720], disapproved on other grounds in *Baxter* v. *Superior Court* (1977) 19 Cal.3d 461 [138 Cal.Rptr. 315, 563 P.2d 871]. In *Mobaldi* foreseeability was found based on the fact that the tortfeasor treated a foster mother as if she were the actual mother and because the tortfeasor knew of the nature of the relationship between the foster mother and foster child. (55 Cal.App.3d at pp. 582-583.)

In its discussion of foreseeability, the *Dillon* court stated: ". . . Surely the negligent driver who causes the death of a young child may reasonably expect that the mother will not be far distant and·will upon witnessing the accident suffer emotional trauma. As Dean Prosser has stated: 'when a child is endangered, it is not beyond contemplation that its mother will be somewhere in the vicinity, and will suffer serious shock.' (Prosser, The Law of Torts, [3d ed. 1964], at p. 353. . . .)" (*Dillon* v. *Legg, supra,* 68 Cal.2d at p. 741.) We cannot say the same is true of the relationship among first cousins.

We see no reason to extend reasonable foreseeability under these facts to include first cousins, family members well beyond the "immediate" family unit of parents and children.

Although appellants allege that their relationship to the decedent was akin to that of siblings, and for purposes of ruling on the demurrer we accept that, it cannot be said that respondent, under the ordinary main standard (*Dillon* v. *Legg, supra,* 68 Cal.2d at p. 741), knew or should have foreseen the quality of the relationship or that appellants, as close friends, cousins and regular playmates of the deceased, would witness the death of their first cousin. In short, we find that the relationship of first cousins does not meet the third guideline of the *Dillon* foreseeability criteria.

## DISPOSITION

The judgment is affirmed.

Woods, P. J., and Kingsley, J., concurred.