**Timothy P. HANCOCK, et al.**

**v.**

**The CHATTANOOGA–HAMILTON COUNTY HOSP. AUTHORITY, et al.**

Supreme Court of Tennessee, at Knoxville.

Aug. 31, 2001.

George E. Koontz and John D. McMahan, Chattanooga, TN, for the plaintiffs-appellants, Breanna Hancock, Timothy P. Hancock, and Tina M. Hancock.

Arthur P. Brock, Daniel M. Stefaniuk, and Robert Boehm, Chattanooga, TN, for the defendant-appellee, Chattanooga–

---

Hamilton County Hospital Authority, d/b/a T.C. Thompson Children's Hospital.

Arthur P. Brock, John B. Bennett, Stephany Skaggs Pedigo, and Timothy J. Millirons, Chattanooga, TN, for the defendant-appellee, Kenneth Platt, M.D.

## OPINION

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, Jr. and WILLIAM M. BARKER, JJ, joined.

We granted appeal to determine 1) whether filial consortium losses are recoverable in wrongful death actions; and 2) whether the medical malpractice statute of repose, Tenn.Code Ann. § 29–26–116, bars the plaintiffs' amendment to the complaint to include consortium damages. We hold that (1) filial consortium damages are recoverable under Tenn.Code Ann. § 20–5–113 in wrongful death actions; and (2) the plaintiffs' amendment to the complaint to include consortium damages does not state a new cause of action and is therefore not barred by Tenn.Code Ann. § 29–26–116. Accordingly, the Court of Appeals' judgment is reversed, and the case is remanded to the trial court for proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Breanna Hancock received medical treatment on January 18, 1994, at Chattanooga–Hamilton County Memorial Hospital Authority d/b/a T.C. Thompson Children's Hospital (the Hospital) and Kenneth Platt, M.D. On January 20, 1994, Breanna died at the Hospital. On December 15, 1994, Breanna's parents, Timothy P. Hancock and Tina M. Hancock, filed a complaint against the Hospital and Dr. Platt alleging that Breanna's death resulted from the defendants' negligence.

The complaint alleged that as a result of the defendants' negligence, the Hancocks suffered and continue to suffer extreme mental anguish and emotional distress. To compensate for their daughter's alleged wrongful death, the Hancocks requested damages for the pecuniary value of her life. On January 25, 1999, we held in *Jordan v. Baptist Three Rivers Hospital,* 984 S.W.2d 593 (Tenn.1999), that parental and spousal consortium losses were recoverable under Tenn.Code Ann. § 20–5–113. On July 20, 1999, the Hancocks moved to amend their complaint to include the loss of Breanna's consortium.

On October 19, 1999, the trial court denied the Hancocks' motion to amend their complaint. The trial court's judgment was based on three grounds: (1) the amendment was barred by the statute of repose found in Tenn.Code Ann. § 29–26–116; (2) *Jordan* explicitly does not apply to parents seeking consortium damages for the loss of a child [1]; and (3) *Jordan* could not be applied retroactively to the case.

The Court of Appeals granted an interlocutory appeal and affirmed the trial court's ruling that *Jordan* could not be applied retroactively to pending cases. Thereafter, in *Hill v. City of Germantown,* 31 S.W.3d 234 (Tenn.2000), we held that *Jordan* applies retroactively to cases tried or retried after *Jordan* and to cases pending on appeal in which the issue decided in *Jordan* was raised at an appropriate time. *Hill,* 31 S.W.3d at 240. We therefore reverse the Court of Appeals on that issue.

---

1. We note that the issue of consortium damages for the loss of a child was neither raised nor addressed in *Jordan.*

In the interest of judicial economy, we will rule on the issues pretermitted by the Court of Appeals in lieu of remand.

## II. ANALYSIS

### A. FILIAL CONSORTIUM DAMAGES

■ The first issue not addressed by the Court of Appeals is whether filial consortium damages are recoverable under Tenn.Code Ann. § 20–5–113. Based upon both our interpretation of the Tennessee wrongful death statutes in *Jordan* and the trend of modern authority, we hold that filial consortium damages may be recovered in a wrongful death action.

In *Jordan*, we held that the "pecuniary value of a decedent's life includes the element of damages commonly referred to as loss of consortium." *Jordan*, 984 S.W.2d at 595. Our holding was based upon an examination of the plain language of Tenn. Code Ann. § 20–5–113 which "appears to encompass consortium damages." *Jordan*, 984 S.W.2d at 600. Section 20–5–113 of the Tennessee Code Annotated states:

> Where a person's death is caused by the wrongful act, . . . of another, and suit is brought for damages, as provided for by §§ 20–5–106 and 20–5–107, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, *and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received.*

Tenn.Code Ann. § 20–5–113 (emphasis added).

In *Jordan*, we interpreted this language to permit the recovery of "incidental damages" suffered by the decedent's next of kin. *Jordan*, 984 S.W.2d at 600. Incidental damages include the pecuniary value of

the decedent's life. *Jordan*, 984 S.W.2d at 600. "Pecuniary value has been judicially defined to include 'the expectancy of life, the age, condition of health and strength, capacity for labor and earning money through skill, any art, trade, profession and occupation or business, and personal habits as to sobriety and industry.'" *Id.* (quoting *Spencer v. A–1 Crane Serv., Inc.*, 880 S.W.2d 938, 943 (Tenn.1994)). We concluded that "pecuniary value" also includes consortium damages, which consist of tangible services provided by a family member and also intangible benefits each family member receives from the continued existence of other family members. *Id.* at 602. "Such benefits include attention, guidance, care, protection, training, companionship, cooperation, affection, love, and in the case of a spouse, sexual relations." *Id.*

In *Jordan*, an adult child was allowed to recover damages for the loss of parental consortium. *Id.* at 601–02. Our decision in *Jordan* did not reach the issue of whether Tenn.Code Ann. § 20–5–113 allows recovery for the loss of consortium of one's child. With that issue now squarely before us, we extend our holding in *Jordan* to allow recovery of filial consortium damages. The loss of a child may result in the same loss of consortium as is caused by the loss of a parent. Nothing in the language of Tenn.Code Ann. § 20–5–113 or in our holding in *Jordan* provides a valid distinction between recovery for parental consortium damages and recovery for filial consortium damages. Instead, our holding in *Jordan* was founded on the basic premise that the pecuniary value of a person's life includes loss of consortium.

Interpreting Tenn.Code Ann. § 20–5–113 to include filial consortium damages is also consistent with the trend of modern authority. Consortium damages historically have been available to the spouse of

an injured person to compensate for the loss of the injured spouse's service and society. In recent years, however, numerous jurisdictions have broadened consortium damages to include loss of comfort, companionship, and support in the parent-child relationship. Filial consortium damages are available to parents in wrongful death actions in a majority of jurisdictions through explicit statutory language or judicial interpretation of wrongful death statutes that are similar to Tennessee's statutes.[2] Our interpretation of Tenn. Code Ann. § 20–5–113 is therefore supported by modern society's understanding of the role of a child in the family unit.

## B. STATUTE OF REPOSE

■ The trial court determined that the Hancocks' amendment to the complaint seeking consortium damages was time-barred pursuant to Tenn.Code Ann. § 29–26–116. Section 29–26–116 of the Tennessee Code Annotated provides that in medical malpractice actions the statute of limitations is one year and the statute of repose is three years from the date of the negligent act. Tenn.Code Ann. § 29–26–116 (1980).

Breanna's death occurred on January 20, 1994. The Hancocks filed suit for Breanna's wrongful death on December 15, 1994, within the one year statute of limitations. The trial court, however, concluded that the motion to amend the complaint filed on July 20, 1999, set forth a previously unrecognized claim for consortium losses and was barred by Tenn.Code Ann. § 29–26–116. We stated in *Jordan* that our holding did not create a new cause of action but merely refined the term "pecuniary value." *Jordan*, 984 S.W.2d at 601. The Hancocks' motion to amend the complaint to include consortium damages simply served to provide notice that the plaintiffs were seeking consortium damages as a component of the pecuniary damages previously sought. Accordingly, the Hancocks are not barred from seeking filial consortium damages.

## III. CONCLUSION

Section 20–5–113 of the Tennessee Code Annotated allows recovery of filial consortium damages as a part of the pecuniary value of the decedent's life. Further, an amendment to the complaint requesting filial consortium damages is not barred by Tenn.Code Ann. § 29–26–116 because the amendment does not state a new cause of action. Accordingly, the decision of the Court of Appeals is reversed, and the case is remanded to the trial court

---

**2.** Thirty-two states allow recovery for filial consortium damages. Among these states, Indiana, Iowa, Kansas, Kentucky, Maryland, Massachusetts, Michigan, North Carolina, Ohio, Oklahoma, Virginia, Washington, and Wisconsin expressly allow recovery of filial consortium damages pursuant to statute. Alaska, Arizona, Hawaii, Idaho, Illinois, Louisiana, Minnesota, Mississippi, Montana, Nebraska, New Jersey, North Dakota, South Carolina, South Dakota, Texas, Utah, and Vermont permit recovery of filial consortium damages pursuant to interpretations of statutory language such as "pecuniary loss," "general loss," and "fair and just." *See* Mark L. Johnson, *Compensating Parents for the Loss of Their Nonfatally Injured Child's Society: Ex-*

*tending the Notion of Consortium to the Filial Relationship*, 1989 U. ILL. L.REV. 761, 770–71 (1989).

New Mexico has allowed recovery for filial consortium damages although the claim was not based on a wrongful death statute. *Fernandez v. Walgreen Hastings Co.*, 126 N.M. 263, 968 P.2d 774 (1998); *but see Wilson v. Galt*, 100 N.M. 227, 668 P.2d 1104 (1983) (refusing to allow recovery for loss of filial consortium under the wrongful death statute). In addition, California allows recovery for loss of filial consortium damages but limits such damages to the loss of earnings and services of a child. *Baxter v. Superior Court*, 19 Cal.3d 461, 138 Cal.Rptr. 315, 563 P.2d 871 (1977).

for proceedings consistent with this opinion. Costs are assessed to the appellees, the Chattanooga–Hamilton County Hospital Authority, d/b/a T.C. Thompson Children's Hospital, and Kenneth Platt, M.D., for which execution may issue if necessary.