[Civ. No. 68982. Second Dist., Div. Seven. July 27, 1984.]

ACCOUNTS ADJUSTMENT BUREAU, Plaintiff and Respondent, v.
GARY COOPERMAN et al.,
Defendants, Cross-complainants and Appellants;
LEULYNE B. DOSCHER, Cross-defendant and Respondent.

COUNSEL

Sheldon M. Kaufman for Defendants, Cross-complainants and Appellants.

No appearance for Plaintiff and Respondent.

John G. Kerr, Deborah Z. Wissley, Turner & Sullivan and Mary A. O'Gara for Cross-defendant and Respondent.

OPINION

**THOMPSON, Acting P. J.**—Gary and Arlene Cooperman (together Coopermans) appeal from the judgment of dismissal following the sustaining of a demurrer without leave to amend their cross-complaint for emotional distress against Luelyne B. Doscher (Doscher).

*Statement of Facts*

The Coopermans brought their minor son Joshua Cooperman (Joshua) to Doscher, a psychologist, for diagnosis and treatment of Joshua's childhood adjustment and learning problems. The consultations with Doscher commenced September 10, 1979, and continued over six months until April 2, 1980. Accounts Adjustment Bureau, Doscher's assignee, brought suit

against the Coopermans seeking fees due Doscher for those professional services administered to Joshua.

This appeal, however, arises not out of the principal suit for collection, but rather from a cross-complaint brought by the Coopermans against Doscher. The first cause of action brought against Doscher is brought by Joshua. Joshua, through his guardian ad litem, Arlene Cooperman, seeks damages for malpractice. The malpractice claim is based on Doscher's alleged misdiagnosis of Joshua. Doscher diagnosed the child as suffering from DSMII nonpsychotic organic brain syndrome 309.9. Joshua's claim alleges that a proper diagnosis would reveal that he had a mild learning disability and was suffering from an adjustment reaction of childhood. Joshua's claim further contends that the proper diagnosis involves nonorganic psychological problems.

The malpractice claim alleges that as a proximate result of Dosher's negligent diagnosis, Joshua will be prevented from procuring appropriate life and medical insurance and will also be precluded from certain occupations in the future. The diagnosis had been transmitted to Joshua's insurance carrier.

As a separate cause of action, the Coopermans brought a claim for negligent infliction of emotional distress. The Coopermans discovered the alleged negligent diagnosis from billing notations they received on October 2, 1981, 18 months after consultation with Doscher concluded. The Coopermans claim that as a result of the negligent diagnosis, they suffered shock and distress.

The court below granted a demurrer without leave to amend to the Coopermans' claim for emotional distress. Although Joshua is allowed to pursue his claim for malpractice, the court below foreclosed the Coopermans' separate claim for emotional distress. The Coopermans thus appeal from the order of the court below preventing the Coopermans from bringing their emotional distress claim.[1]

In *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], the court in determining whether the plaintiff was entitled to protection from negligent infliction of emotional distress "identified foreseeability of the risk as the critical inquiry." (*Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 922 [167 Cal.Rptr. 831, 616

---

[1]Since the court's order eliminated the Coopermans' only cause of action, to prevent unnecessary delay, the order sustaining the demurrer is deemed to incorporate a judgment of dismissal. (See *Bellah* v. *Greenson* (1978) 81 Cal.App.3d 614, 618 [146 Cal.Rptr. 535, 17 A.L.R.4th 1118].)

P.2d 813, 16 A.L.R.4th 518].) " 'In order to limit the otherwise potentially infinite liability which would follow every negligent act, the law of torts holds defendant amenable only for injuries to others which to defendant at the time were reasonably foreseeable.' " (*Ibid.*)

In *Dillon,* a mother sought to recover damages for emotional distress arising from her witnessing the negligently inflicted death of her child. The *Dillon* court established certain factors to determine liability in the bystander-type case. The factors delineated in *Dillon* to establish foreseeability are: (1) the proximity of the bystander to the scene of the accident; (2) sensory and contemporaneous observation by the bystander of the accident; and (3) the closeness of the relationship between the victim and the bystander.

In *Molien* v. *Kaiser Foundation Hospitals, supra,* 27 Cal.3d 916, the court refined *Dillon* for application to the nonbystander type case. The defendant physicians in *Molien* negligently misdiagnosed Mrs. Molien as having syphilis. Mrs. Molien was advised to inform her husband of the diagnosis. The misdiagnosis created suspicion and tension in the marriage, eventually resulting in dissolution of the marriage. Mr. Molien sought damages for negligent infliction of emotional distress. The court in establishing a duty to Mr. Molien distinguished between the percipient witness involved in *Dillon* and what the court characterized as a direct victim: "It must be remembered . . . that in *Dillon* the plaintiff sought recovery of damages she suffered as a percipient witness to the injury of a third person, and the three guidelines there noted served as a limitation on that particular cause of action. [Citation.] Here, by contrast, plaintiff was himself a direct victim of the assertedly negligent act. By insisting that the present facts fail to satisfy the first and second of the *Dillon* criteria, defendants urge a rote application of the guidelines to a case factually dissimilar to the bystander scenario. In so doing, they overlook our explicit statement in *Dillon* that an obligation hinging on foreseeability 'must necessarily be adjudicated only on a case-by-case basis . . . .' [Citation.]" (*Id.* at pp. 922-923.)

The *Molien* court's evolutional reiteration of the *Dillon* foreseeability test for establishing emotional distress is not, however, free of any pleading requirements. Although foreseeability must generally be adjudicated on a case-by-case basis, *Molien* contemplates that the circumstances of the case will be sufficiently pleaded to support the genuineness of the claim. " 'In cases other than where proof of mental distress is of a medically significant nature, [citations] the general standard of proof required to support a claim of mental distress is some guarantee of genuineness in the circumstances of the case. [Citation.]' " (*Id., at* p. 930.)

The *Molien* case, like the case before us, involves testing allegations at the pleading stage. The conclusion that the plaintiff in *Molien* had stated a

cause of action for emotional distress was based on finding sufficient allegations of facts which could reasonably elicit serious emotional response. As the *Molien* court stated: "The negligent examination of Mrs. Molien and the conduct flowing therefrom are objectively verifiable actions by the defendants that foreseeably elicited serious emotional responses in the plaintiff and hence serve as a measure of the validity of plaintiff's claim for emotional distress. As yet another corroborating factor, we note the universally accepted gravity of a false imputation of syphilis: by statute it constitutes slander per se. [Citations.]" (*Id.*, at pp. 930-931.)

■ In the case at bench, the Coopermans allege that a misdiagnosis of DSMII nonpsychotic organic brain syndrome 309.9 was ascribed to Joshua. The Coopermans do not however allege any facts relating to the serious nature of the misdiagnosis nor the basis of their knowledge from which emotional distress could reasonably arise. The diagnosis made here is not one which could evoke any emotion from a layman. While a diagnosis of syphilis creates obvious emotional reactions, a diagnosis of a common cold creates no emotional reaction. Where on the spectrum Joshua's diagnosis lies is not subject to common interpretation. Further, if the Coopermans did have knowledge of the assumed seriousness of the diagnosis, the circumstances of that knowledge are essential to the complaint. If the Coopermans had no independent knowledge of the diagnosis' significance and conferred with neither Doscher nor any other qualified professional, they could not state a cause of action.

*Molien* requires a case-by-case adjudication of cases factually dissimilar to the bystander scenario. Thus, while most causes of action have specific elements which must be pleaded, the amorphous emotional distress cause of action has no particular elements. In *Molien,* the court determined that a defendant was amenable for emotional injuries caused where, under all the circumstances of the case, the ordinary man should reasonably have foreseen such injury. (27 Cal.3d at p. 922.) While the pleading and proof stages of a case are obviously distinct, sufficient circumstances must be alleged for the emotional distress claim to survive demurrer.

Although the Coopermans did not allege sufficient facts to constitute a cause of action, it was error for the court below not to grant leave to amend. Although the Coopermans' complaint is poorly pled, it is possible that sufficient circumstances to constitute a cause of action could be pled.

A negligent diagnosis of a child can, as a matter of law, cause serious emotional distress to a parent. It would be pure fiction to believe that a negligent diagnosis of a two-year-old could not foreseeably cause parents serious emotional distress. A two-year-old has no one but parents to be

distressed. Parents having sole responsibility for their child can be direct victims of their child's misdiagnosis.

Therefore, although the court below correctly granted Doscher's demurrer, the Coopermans should be permitted to amend their complaint since there is a possibility they could state a cause of action. Accordingly, we reverse and remand.

Johnson, J., and Pickard, J.,* concurred.

The petition of respondent Doscher for a hearing by the Supreme Court was denied October 4, 1984.

---

*Assigned by the Chairperson of the Judicial Council.