[No. B028232. Second Dist., Div. Five. Sept. 3, 1987.]

ST. FRANCIS MEDICAL CENTER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
RUTH PATTERSON, Real Party in Interest.

COUNSEL

Bonne, Jones, Bridges, Mueller & O'Keefe, Carmen D. Hawkins, Rushfeldt, Shelley & McCurdy, Greines, Martin, Stein & Richland and Alan G. Martin for Petitioners.

No appearance for Respondent.

Richard D. Aldrich and David C. Byers for Real Party in Interest.

## Opinion

FEINERMAN, P. J.—On July 5, 1985, Cynthia Patterson died while giving birth to her third child at St. Francis Medical Center. The plaintiffs in this case are Cynthia Patterson's three minor children (La Mega Traylor, Odessa Battle, and Timothy Brown), and her mother, Ruth Patterson (real party), who is also guardian ad litem for the children.[1] Defendants (petitioners herein) are the St. Francis Medical Center, Patrick Chavis, M.D., and Hubert L. Hemsley, M.D.

In this original proceeding, defendants seek a writ of mandate directing the respondent court to sustain, without leave to amend, the demurrer of St. Francis Hospital to the first amended complaint, and to grant Drs. Chavis and Hemsley a judgment on the pleadings. The issue is whether plaintiff, on her own behalf, may recover on a negligence theory economic damages she suffered and expenses she incurred by quitting her job to care for the children. We hold that she may not.

This case was originally filed as a wrongful death action on behalf of all plaintiffs. St. Francis filed a motion for summary judgment, in which the other defendants joined, on the ground that plaintiff could not maintain a cause of action for wrongful death because she was not one of the persons permitted by statute (Code Civ. Proc., § 377) to bring such an action. Plaintiff argued in response to the motion that her cause of action was really one for negligence and not technically a statutory cause of action for wrongful death. The motion for summary judgment was denied, and plaintiff was permitted to amend her complaint.

A first amended complaint was filed in which plaintiff segregated her claims from those of the children in a third cause of action for negligence, which provided in pertinent part: "Defendants, and each of them, in acting as alleged herein, failed to exercise ordinary care and reasonably foresaw, or should have reasonably foreseen, that in negligently causing the death of decedent, the necessity of providing care and support of the minor children of decedent would fall upon plaintiff, or upon a class of plaintiffs of which she was a part, and that plaintiff would suffer economic loss and damage thereby."

"As a direct, foreseeable and proximate result of the negligence of defendants, and each of them, plaintiff was required to and did terminate gainful employment so as to care for the minor children of decedent, there-

---

[1] Ruth Patterson is referred to herein as plaintiff and the minor plaintiffs are referred to as the children.

by sustaining economic damages, expenses of maintaining and supporting said minor children, loss of earnings and earning capacity, all to her damage in an amount according to proof."

St. Francis Medical Center demurred to the negligence cause of action; Dr. Chavis answered the complaint, then moved for a judgment on the pleadings. Dr. Hemsley was permitted to join in both the demurrer and the motion for judgment on the pleadings at the time of hearing. The respondent court overruled the demurrer and denied the motion for judgment on the pleadings. This petition followed.

■ Plaintiff correctly contends that her lack of standing to bring a wrongful death cause of action does not bar a cause of action based upon a negligence theory; under certain circumstances, the same tortious act may give rise to both wrongful death and negligence causes of action. However, plaintiff must still satisfy the requirements for pleading a negligence cause of action: duty, breach of duty, causation and damages. ■ In this case, plaintiff fails on the first element because she is not a person to whom defendants owed a duty of care.

■ Whether a defendant owes a duty of due care to another is a question of law. (*Martinez* v. *County of Los Angeles* (1986) 186 Cal.App.3d 884 [231 Cal.Rptr. 96].) "Since the chief element in determining whether defendant owes a duty or an obligation to plaintiff is the foreseeability of the risk, that factor will be of prime concern in every case." (*Dillon* v. *Legg* (1968) 68 Cal.2d 728, 740 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316].) We must also weigh the policy considerations for and against imposition of liability. (*Martinez* v. *County of Los Angeles, supra,* 186 Cal.App.3d at p. 888.)

■ The essence of this action is a claim for wrongful death allegedly caused by the negligent acts (or omissions) of health care providers. Had Cynthia Patterson been negligently treated, but lived, she would have had a cause of action for negligence, but her children would have been precluded from bringing an action for loss of consortium. (*Baxter* v. *Superior Court* (1977) 19 Cal.3d 461 [138 Cal.Rptr. 315, 563 P.2d 871]; *Borer* v. *American Airlines, Inc.* (1977) 19 Cal.3d 441 [138 Cal.Rptr. 302, 563 P.2d 858].) Because Cynthia died, her heirs (the children) are granted by statute (Code Civ. Proc., § 377) the right to bring a wrongful death action. Cynthia Patterson was a "foreseeable plaintiff" because of her "special relationship" as defendants' patient, and the children are "foreseeable plaintiffs" because that status is conferred upon them by the wrongful death statute (Code Civ. Proc., § 377).

Plaintiff, however, is in a less enviable legal position than either Cynthia or the children. Her claim for damages is not based upon defendants' negligent treatment of her personally, but derives from their alleged negligent treatment of Cynthia. ■ Under the present state of the law, plaintiff is a third party to whom defendants' duty of due care extends only in a limited number of situations. One is the wrongful death cause of action, for which plaintiff does not qualify. Another is where the plaintiff is a percipient witness to the negligent conduct and suffers emotional distress as a consequence. (*Ochoa* v. *Superior Court* (1985) 39 Cal.3d 159 [216 Cal.Rptr. 661, 703 P.2d 1]; *Dillon* v. *Legg, supra,* 68 Cal.2d 728.) A third is where the plaintiff suffers emotional distress as a "direct victim" of defendants' negligence. (*Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916 [167 Cal.Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518].) The latter has been limited to cases where the nature of the negligent act was such that it was directed both at the patient and at the complaining third party (*Andalon* v. *Superior Court* (1984) 162 Cal.App.3d 600 [208 Cal.Rptr. 899]; *Accounts Adjustment Bureau* v. *Cooperman* (1984) 158 Cal.App.3d 844 [204 Cal.Rptr. 881]) and has not been extended to cases in which the third party's emotional distress is derived solely from injuries to the patient. (See *Wiggins* v. *Royale Convalescent Hospital* (1984) 158 Cal.App.3d 914 [206 Cal.Rptr. 2].)[2]

■ As yet, there is no case law under which a third party such as plaintiff may bring a negligence cause of action against a health care provider to recover economic damages of the type suffered by plaintiff here. The case most analogous to this one is *Martinez* v. *County of Los Angeles, supra,* 186 Cal.App.3d 884, where the parents of a minor child who suffered neurological damage during birth sought damages under a negligence cause of action for emotional distress occasioned by having to "restructure their lives" to care for the disabled child. Division Seven of this district held that the trial court had properly sustained defendants' demurrer to the negligence cause of action without leave to amend. Although the court based its ruling upon the fact that what the parents had really alleged was a cause of action for filial consortium (barred in California by *Baxter* v. *Superior Court, supra,* 19 Cal.3d 461, and *Borer* v. *American Airlines, Inc., supra,* 19 Cal.3d 441), the court noted an important policy reason for denying recovery to the parents. The court stated that plaintiffs' counsel had "resorted to an argument that the facts alleged compel creation of a new cause of action

---

[2] Two other situations (not applicable here) in which a health care practitioner may have a duty to third parties are the duty of a psychotherapist to warn of a patient's dangerous propensities (*Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166]) and the duty to warn the patient or third parties about possible incapacitating seizures. (*Myers* v. *Queensberry* (1983) 144 Cal.App.3d 888 [193 Cal.Rptr. 733 .)

to compensate the parents for 'restructuring their lives.' He acknowledged he knew of no authority in California or in any other jurisdiction to support such a 'cause of action,' but because of the hardship thrust upon parent plaintiffs by defendant's negligence, urged this court to extend defendant's liability to encompass the damage alleged. We decline the invitation for it appears to be just another way to circumvent the requirements for recovery for emotional distress articulated by our Supreme Court in that area of the law from [*Dillon* to *Ochoa*], and to recover damages for the care and attention to the needs and demands of the minor which are duplicative of the damages sought by minor plaintiff in his first cause of action for nursing care, therapy, housekeeping care and other extraordinary care. These damages are recoverable by the minor precisely to alleviate the financial and other burdens on his parents for his care." (186 Cal.App.3d at p. 894.)

Similarly, in this case, plaintiff does not meet the prerequisites for a negligence cause of action under existing case law, and public policy weighs against extending the law in favor of plaintiff. Should the children prevail in their wrongful death action, plaintiff may seek reimbursement of the expenses she had incurred for the children's care and support, and thus plaintiff is not left entirely without a remedy here. As our Supreme Court noted in *Borer* v. *American Airlines, supra,* " '[L]egal causation must terminate somewhere.' " (19 Cal.3d at p. 446.) Here, it terminates with plaintiff.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of May 29, 1987, overruling the demurrer of defendant St. Francis Medical Center to the third cause of action of plaintiff's complaint, and denying the motion of defendant Patrick Chavis, M.D., for a judgment on the pleadings, and enter a new and different order sustaining the demurrer without leave to amend and granting the motion for judgment on the pleadings, in that matter entitled La Mega Traylor, et al. v. Patrick Chavis, M.D., et al., Los Angeles Superior Court No. SCC 14895.

Ashby, J., and Hastings, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied November 10, 1987.